State v. Artis

---

STATE OF NORTH CAROLINA v. ROBERT LEE ARTIS

No. 886SC99

(Filed 18 October 1988)

**1. Criminal Law § 86.3; Constitutional Law § 75— entrapment raised by defendant—cross-examination about prior drug sale—privilege against self-incrimination waived**

　　Where defendant raised the issue of entrapment by his own testimony, he waived his privilege against self-incrimination regarding a prior sale of cocaine to an undercover SBI agent. N.C.G.S. § 8C-1, Rule 404(b).

**2. Criminal Law § 102.8— jury argument—comments about defendant's "taking the Fifth"—no improper comment on defendant's refusal to testify**

　　Where defendant continued to assert a privilege not to answer questions regarding a prior cocaine sale after the trial court had ruled no privilege existed, the district attorney's comments during closing argument concerning defendant's "taking the Fifth" were not improper comments on defendant's decision not to testify but rather were directed at defendant's improper attempt to assert the privilege.

**3. Criminal Law § 99.5— statement by court—no expression of opinion about defendant's evidence**

　　Defendant was not prejudiced by the court's statement, "We have entertained a lot of irrelevant evidence that nobody objected to," since that comment was directed at the State's repetitious and irrelevant questions rather than at defendant's evidence or witnesses.

**4. Criminal Law § 138.14— three mitigating factors outweighed by one aggravating factor—no abuse of discretion**

　　In a prosecution of defendant for possession with intent to sell and deliver cocaine, the trial court did not abuse its discretion in determining that the one aggravating factor of a prior conviction outweighed three mitigating factors and in imposing a term of imprisonment greater than the presumptive sentence.

**5. Criminal Law § 138.14— sentence greater than presumptive term—failure to find aggravating and mitigating factors—error**

　　Where the presumptive sentence for sale of cocaine was three years, but· the trial court imposed a prison term of ten years, the court was required to find factors in aggravation and mitigation, and it was not sufficient that the court made such findings as to the possession conviction.

APPEAL by defendant from *Griffin (William C., Jr.), Judge.* Judgment entered 2 September 1987 in Superior Court, BERTIE County. Heard in the Court of Appeals 7 September 1988.

　　Defendant was found guilty by a jury of the possession with intent to sell and deliver cocaine and of the sale of cocaine in

violation of G.S. 90-95(a)(1). Judgments were entered sentencing defendant to prison terms of five and ten years to be served consecutively. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Elizabeth G. McCrodden, for the State.*

*Glover & Petersen, P.A., by James R. Glover, for defendant-appellant.*

SMITH, Judge.

Defendant brings forward five assignments of error. First, he contends the trial court erred by refusing to allow him to assert his constitutional privilege against self-incrimination in response to questions asked during cross-examination. In a related assignment of error, he contends the trial court erred by allowing the district attorney to comment during closing argument on defendant's attempt to assert this privilege. Next, defendant assigns error to the trial court's comment on certain portions of the evidence in the presence of the jury. Defendant's final assignments of error relate to the sentences imposed. He contends the trial court abused its discretion in determining that the aggravating factor outweighed the mitigating factors. He also assigns error to the imposition of a sentence in excess of the presumptive term on the conviction for the sale of cocaine as the court did not make separate findings of aggravating and mitigating factors for this offense. We hold that defendant received a fair trial, free from prejudicial error. However, we remand for resentencing on defendant's conviction for the sale of cocaine.

The State's evidence tended to show that State Bureau of Investigation Agent K. L. Bazemore arranged through an informant, Basil Harden, to purchase approximately one and one-half ounces of cocaine from defendant. The purchase took place at approximately 2:30 p.m. on 20 March 1987 in a parking lot at the intersection of U.S. 13 and N.C. 42 in Powellsville, Bertie County, North Carolina. Defendant testified on his own behalf that Basil Harden asked defendant several times to arrange a sale because Basil Harden needed money and was being threatened by "his brother-in-law." During this undercover operation, Agent Bazemore was posing as Harden's brother-in-law. Defendant stated that he had no idea of selling cocaine before Basil Harden

approached him and that he only went through with the sale because he wanted to help a friend. On cross-examination, the district attorney asked defendant about a prior sale of cocaine to Agent Bazemore on 13 February 1987 in Hertford County. Defendant refused to answer on the ground that his answer might incriminate him. The trial court ordered defendant to answer. Defendant again sought to invoke his privilege against self-incrimination, and the court again ordered him to answer. Defendant then admitted the 13 February sale. Agent Bazemore, recalled to the witness stand on rebuttal, testified to the 13 February sale.

[1] Defendant assigns error to the ruling requiring him to answer questions regarding the 13 February sale. Before the North Carolina Rules of Evidence were adopted, cross-examination to impeach was not limited to conviction of crimes; a witness could be asked about any act which tended to impeach his character. *State v. Foster*, 284 N.C. 259, 200 S.E. 2d 782 (1973); *State v. Sims*, 213 N.C. 590, 197 S.E. 176 (1938). Thus, our courts held that by electing to testify in his own behalf a defendant surrendered his privilege against self-incrimination and was subject to impeachment by questions relating to specific acts of criminal and degrading conduct. *State v. Foster, supra.* Defendant contends the Rules of Evidence now limit the scope of cross-examination to prohibit introduction of "bad acts" not alleged in the indictment upon which he is being tried and that to require him to answer the questions violates his privilege against self-incrimination. We disagree.

Under the former practice, a witness could "be cross-examined for impeachment purposes regarding *any* prior act of misconduct not resulting in conviction so long as the prosecutor had a good-faith basis for the questions." *State v. Morgan,* 315 N.C. 626, 634, 340 S.E. 2d 84, 89 (1986) (emphasis original). By choosing to testify, a defendant was, and still is, "subject to cross-examination as other witnesses." G.S. 8-54. A defendant, then, waived his privilege against self-incrimination regarding "bad acts" when he elected to testify. *State v. Foster, supra.* Applying this rule of a defendant's waiver of the privilege to the extent of permissive cross-examination under the current Rules of Evidence, we find the trial court did not err in rejecting defendant's claim of privilege. G.S. 8C-1, Rule 404(b), which generally excludes evidence of other crimes, wrongs or acts, expressly allows

such evidence to prove absence of entrapment. Defendant testified on direct examination that he had no idea of selling cocaine until he was approached by the informant, Basil Harden. By his testimony, defendant raised the issue of entrapment. Rule 404(b) allows the State on cross-examination to question defendant concerning the prior sale to Agent Bazemore to prove absence of entrapment. Thus, defendant's privilege against self-incrimination was not violated by the questions. This assignment of error is overruled.

[2] In a related assignment of error, defendant contends the trial court erred by allowing the following comment during the district attorney's closing argument to the jury: "[Defendant] says you can believe him. That's the man he says you can believe. This is the man who says you can believe him when he gets the question and says I take the Fifth. You can believe me, the role model for Ahoskie? I take the Fifth." Defendant contends the comment infringes on his privilege to be free from self-incrimination, including comment on the exercise of his privilege, in violation of the principles of *Griffin v. California*, 380 U.S. 609, 14 L.Ed. 2d 106, 85 S.Ct. 1229, *reh'g denied*, 381 U.S. 957, 14 L.Ed. 2d 730, 85 S.Ct. 1797 (1965). We disagree. Defendant continued to assert a privilege not to answer questions regarding the 13 February sale after the trial court had ruled no privilege existed. The district attorney's comments were not an improper comment on defendant's decision not to testify but rather were directed at defendant's improper attempt to assert the privilege.

[3] Defendant next contends the trial court erred by commenting on certain portions of the evidence in the presence of the jury. During the State's recross-examination of defendant's adverse witness Basil Harden, the following exchange took place among the court, the witness, the district attorney (Mr. Beard), and defendant's attorney (Mr. Martin):

COURT: Haven't we been over that Mr. Beard? Didn't you answer that question earlier Mr. Harden?

MR. HARDEN: Yes.

COURT: Do you have any further questions?

MR. BEARD: No your Honor, not in view of the comments of the Court, no.

COURT: If you have another relevant question, you may ask him.

MR. BEARD: I don't have any other questions, Your Honor.

MR. MARTIN: YOur [sic] Honor, in your descretion [sic], will you tolerate another question?

COURT: No, it's five o'clock.

MR. MARTIN: I understand.

COURT: We have entertained a lot of irrelevant evidence that nobody objected to.

Following the exchange, the court took an evening recess. Defendant objects to the court's comment that it had "entertained a lot of irrelevant evidence that nobody objected to." Defendant contends this comment "was an improper expression of opinion on the evidence by the trial judge that prejudiced the defendant's right to a fair trial." Defendant did not bring this error to the attention of the trial court as required by G.S. 15A-1446. However, it is apparent that even had defendant properly objected, he would not be entitled to relief on these grounds. It is true that "[t]he judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." G.S. 15A-1222. In deciding whether defendant was prejudiced by the remark, we must consider the comment in light of all the facts and circumstances. *State v. Wilhelm,* 59 N.C. App. 298, 296 S.E. 2d 664 (1982), *disc. rev. denied,* 307 N.C. 702, 301 S.E. 2d 395 (1983). Viewing the comment in context, it appears that it was directed at the State's repetitious and irrelevant questions rather than at defendant's evidence or witnesses. We find no error entitling defendant to a new trial.

[4] Defendant's final assignments of error relate to sentencing. As to the possession conviction, the court found as an aggravating factor that "defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement" and as mitigating factors that "[t]he victim was more than 16 years of age and was a voluntary participant in the defendant's conduct," that "defendant acted under strong provocation," and that "defendant has been a person of good character or has had a good reputation in the community in which he lives."

Finding that the aggravating factor outweighed the mitigating factors, the court imposed a five-year term, two years in excess of the presumptive term, and a $10,000.00 fine. Defendant contends the trial court erred in its determination that the one factor in aggravation outweighed the three factors in mitigation. We disagree.

> A trial court may 'properly determine that one factor in aggravation outweighs more than one factor in mitigation and vice versa.' *State v. Ahearn*, 307 N.C. 584, 596-97, 300 S.E. 2d 689, 697 (1983). The weight to be given mitigating and aggravating factors is a matter solely within the trial court's discretion, and the balance struck by the trial court will not be disturbed if supported by the record. *Id.*

*State v. Penley*, 318 N.C. 30, 52, 347 S.E. 2d 783, 796 (1986). Defendant has not shown an abuse of discretion. This assignment of error is overruled.

[5] As to the conviction for the sale of cocaine, the court imposed the maximum ten-year term and a $10,000.00 fine. The court concluded that the prison term imposed did not require findings of factors in aggravation and mitigation. Defendant contends the trial court erred by failing to make such findings for this offense. We agree. G.S. 15A-1340.4(b) requires the trial court to "specifically list in the record each matter in aggravation or mitigation that he finds proved by a preponderance of the evidence" if the court imposes a prison term for a felony that differs from the presumptive term. Conviction for the sale of cocaine is a Class H felony which has a presumptive term of three years. As the trial court imposed a ten-year sentence, findings of factors in aggravation and mitigation were required. It is not sufficient that the court made such findings as to the possession conviction. "[I]n every case in which the sentencing judge is required to make findings in aggravation and mitigation to support a sentence which varies from the presumptive term, each offense . . . must be treated separately, and separately supported by findings tailored to the individual offense and applicable only to that offense," *State v. Ahearn*, 307 N.C. 584, 598, 300 S.E. 2d 689, 698 (1983), unless it is clear from the judgment and commitment form for each offense that the court intended the set of factors to apply to both convictions. *State v. Fletcher*, 322 N.C. 415, 368 S.E. 2d

633 (1988). As the court specifically found that no findings were necessary for the sale of cocaine conviction, we vacate the judgment imposing the ten-year sentence and remand for resentencing.

As to defendant's trial, no error.

As to the sentencing for possession of cocaine, no error.

As to the sentencing for the sale of cocaine, vacated and remanded.

Judges ORR and GREENE concur.