**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4912**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

HAROLD LUZONE FORTE,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:14-cr-00164-NCT-1)

Submitted:  October 27, 2015          Decided:  November 4, 2015

Before NIEMEYER and WYNN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Ripley Rand, United States Attorney, Robert A.J.
Lang, Michael F. Joseph, Assistant United States Attorneys,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Luzone Forte appeals the 180-month downward variant sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012). This was the statutory mandatory minimum sentence that could have been imposed on Forte, who was designated an armed career criminal (ACC) because he had three prior convictions for violent felonies or serious drug offenses. See 18 U.S.C. § 924(e)(1). For the reasons that follow, we vacate Forte's sentence and remand this case for resentencing in light of United States v. Newbold, 791 F.3d 455 (4th Cir. 2015).

I.

In Forte's presentence report, the probation officer identified three prior North Carolina felony convictions that qualified as predicates under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). The first was Forte's January 1991 North Carolina conviction for felony sale or delivery of cocaine. Forte, who was born in November of 1974, was 15 years old when he possessed and sold less than one gram of cocaine on two separate occasions. The two charges were consolidated for judgment, and Forte received a three-year sentence.

This sentence was imposed under North Carolina's Fair Sentencing Act (NCFSA), the then-applicable sentencing scheme and predecessor to the North Carolina Structured Sentencing Act

2

(NCSSA).[1]  According to the PSR, these offenses were classified as Class H felonies for which the statutory maximum sentence that could have been imposed was 10 years in prison; the presumptive sentence, however, was 3 years' imprisonment.[2] Despite the two instances of separate criminal conduct, this was treated as a single conviction for ACC purposes (hereinafter "1991 Drug Conviction").

The second ACC predicate was Forte's November 1994 North Carolina conviction for felony possession with intent to sell and deliver cocaine and felony sale or delivery of cocaine, for

---

[1]  See N.C. Gen. Stat. § 15A-1340.4 (1983) (repealed eff. Oct. 1, 1994).  As this court recently explained:

> Fair Sentencing grouped felonies into different classes and assigned each class a baseline, "presumptive" term of imprisonment.  It also set a maximum, aggravated term of imprisonment for each offense class.  By law, the judge could only deviate from the presumptive term by finding and recording aggravating or mitigating factors. . . .  The judge was excused, however, from making any such aggravating or mitigating findings if, in pertinent part:  1) she imposed a prison term pursuant to a plea arrangement; 2) she imposed the presumptive term; or 3) two or more convictions were consolidated for judgment and the prison term did not exceed the total of the presumptive terms for each felony.

Newbold, 791 F.3d at 461 (citations omitted).

[2]  See State v. Lawrence, 667 S.E.2d 262, 264 (N.C. Ct. App. 2008) (identifying that, under the NCFSA, "a Class H felony carried a maximum punishment of ten years, with a presumptive term of three years"); State v. Artis, 372 S.E.2d 905, 908 (N.C. Ct. App. 1988) ("Conviction for the sale of cocaine is a Class H felony which has a presumptive term of three years.").

3

which Forte was sentenced to three years' imprisonment (hereinafter "1994 Drug Conviction"). Underlying the 1994 Drug Conviction was Forte's February 1993 sale of a crack rock to an undercover police officer. This conduct occurred when Forte was 18 years old. Like the 1991 Drug Conviction, under the NCFSA, the statutory maximum term of imprisonment that could have been imposed for these Class H felonies was 10 years' imprisonment.[3] See Newbold, 791 F.3d at 462 (observing that possession with intent to sell or deliver a controlled substance was a Class H felony); (see also supra n.2).

The third ACC predicate was Forte's March 1995 conviction for felony second degree murder, for which Forte received a 14-year sentence. Forte committed the underlying conduct in November 1993, when he was 19 years old.

The probation officer recommended a total adjusted offense level of 31. Coupled with Forte's placement in criminal history category VI, this yielded a Sentencing Guidelines range of 188-235 months' imprisonment. Forte did not object to the PSR.

Forte was 39 years old at his October 2014 sentencing, at which defense counsel conceded that Forte was properly designated an armed career criminal. The court adopted the PSR,

---

[3] The NCSSA applied to offenses committed on or after October 1, 1994, see State v. Branch, 518 S.E.2d 213, 215 (N.C. Ct. App. 1999), and thus was not applicable to this conviction.

including the recommended Guidelines calculations and resulting sentencing range.

Defense counsel offered an extensive argument for a downward variance to the statutory mandatory minimum of 180 months. Counsel suggested that the court consider the age of Forte's ACC predicates, emphasizing that they all occurred when Forte was a teenager. Counsel observed that the 1991 Drug Conviction would not have qualified as an ACC predicate had Forte been tried and convicted as a juvenile instead of as an adult. Counsel suggested that treating as an ACC predicate a prior conviction that accrued when the defendant was a juvenile, but was treated as an adult under state law, caused constitutional concerns because North Carolina permitted significantly more harsh treatment of juvenile offenders than other states. Thus, counsel's objection to the ACC designation sounded in substantive due process and equal protection.

While the district court did not go so far as to accept Forte's constitutional argument, it did agree that the age of the ACC predicates made a 180-month sentence more appropriate. After a fairly involved colloquy with Forte, the district court imposed a 180-month sentence for the reasons identified by defense counsel. The court further imposed a five-year term of supervised release. This appeal timely followed.

II.

In his brief on appeal, Forte argues that using the 1991 Drug Conviction as an ACC predicate violates his rights to due process and equal protection. This argument turns on Forte's position that the same conduct would "likely have been" prosecuted as an act of juvenile delinquency "in any other state" than North Carolina, which elected to prosecute Forte as an adult despite being only 15 years old when he committed the offense. (Appellant's Br. at 19). Forte contends that "[a]llowing North Carolina convictions to be treated uniformly with other states' convictions simply does not comport with the intent of the law, or with the constitutional guarantee of equal protection under the law." (Appellant's Br. at 18-19).

Forte's arguments are foreclosed by circuit precedent. See United States v. Fonville, 5 F.3d 781, 785 (4th Cir. 1993) (rejecting defendant's argument that the use of his prior North Carolina conviction, which accrued before he was 18 years old, violated principles of equal protection, and noting that Congress need not "prescribe a uniform age at which to consider criminals adults, for federal sentencing purposes, under state law to escape an equal protection challenge"); United States v. Lender, 985 F.2d 151, 156-57 & n.* (4th Cir. 1993) (recognizing "that the prosecuting jurisdiction's determination of whether an individual is prosecuted as a juvenile or an adult must be

6

respected by later sentencing courts," and holding that such deference does not run afoul of the defendant's constitutional protections). Neither of these decisions have been vacated, abrogated, or overruled by an en banc decision of this court or a Supreme Court ruling. See Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002) (noting that a panel of this court cannot explicitly or implicitly overrule circuit precedent established by a prior panel; only the United States Supreme Court or the en banc court may do so). Moreover, Forte cites no legal authority to support his constitutional claims. Cf. United States v. Titley, 770 F.3d 1357 (10th Cir. 2014) (rejecting defendant's contention that his ACC designation violated principles of equal protection because his predicates would not have qualified as "serious drug offenses had he committed them in 19 other states or the District of Columbia" (alteration and internal quotation marks omitted)), cert. denied, 135 S. Ct. 1520 (2015).

In light of the broad holdings in Lender and Fonville, which remain good law, and the absence of any contrary authority, we reject Fonte's constitutional attacks on his ACC designation.

III.

On June 30, 2015, after the parties filed their briefs, we published our decision in Newbold. Forte thereafter submitted a

7

Fed. R. App. P. 28(j) letter of supplemental authority, arguing that he is entitled to relief under Newbold. We directed the parties to submit supplemental briefs addressing what impact, if any, Newbold had on Forte's ACC designation. The Government concedes that Forte's ACC sentence is infirm under Newbold. We agree and thus vacate Forte's sentence on this basis.

Under the ACCA, a defendant convicted of violating § 922(g) is subject to a statutory minimum sentence of 15 years of imprisonment if he has sustained 3 prior convictions for either violent felonies or serious drug offenses. 18 U.S.C. § 924(e). A "serious drug offense" is defined, in part, as a state offense that involves the manufacture, distribution, or possession with intent to manufacture or distribute a controlled substance "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

In Newbold, we held that our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), applies when evaluating whether a prior conviction is a "serious drug offense" as necessary to qualify as an ACC predicate. 791 F.3d at 461-64. We ruled that Newbold's 1984 North Carolina conviction did not qualify as a serious drug offense because, under the NCFSA, he could not have received 10 years of imprisonment for that offense without the finding of aggravating factors. Id. at 461-63.

Newbold had been sentenced for 8 offenses consolidated in 2 different judgments; without specifying the sentences for each offense, the judgments reflected that Newbold received 7 years of imprisonment for 3 of these offenses and 10 years of imprisonment for the remaining 5 offenses. Id. at 461-62. The alleged ACC predicate conviction was for possession with intent to distribute a controlled substance, a Class H felony with a presumptive sentence of 3 years and a maximum sentence of 10 years of imprisonment. Id. at 462.

Because the judgment did not list any aggravating factors found by the sentencing judge, and there was no evidence in the plea transcript to support Newbold's admission of any aggravating facts, we concluded that the record failed to support the conclusion that Newbold faced up to 10 years of imprisonment for his conviction. Id. at 463. We ruled that, under Simmons, a court cannot infer that aggravating factors necessary to raise a defendant's sentencing exposure existed but were not recorded in the judgment of conviction. Id. As there was no allegation that aggravating factors existed or that the sentencing court found any such aggravating factors, the maximum sentence Newbold faced for his particular narcotics offense was the presumptive term of three years' imprisonment, which of course did not satisfy the statutory definition of a "serious drug offense." Id. at 464. We thus vacated Newbold's ACC

9

sentence and remanded the case to the district court for further proceedings.

The same result is had here. The Government acknowledges that neither the 1991 Drug Conviction nor the 1994 Drug Conviction qualify as a "serious drug offense" under <u>Newbold</u> because Forte received the presumptive sentence of three years' imprisonment for each offense and nothing in the PSR indicates the existence of any aggravating factors that would have exposed Forte to more than the presumptive range of imprisonment. The Government further concedes that Forte's 1995 conviction for second degree murder is the lone ACC predicate and that Forte should be resentenced in light of <u>Newbold</u>.

Thus, although we reject Forte's constitutional attack on his ACC sentence, we vacate his sentence and remand this case for resentencing in light of <u>Newbold</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>VACATED AND REMANDED</u>