State v. Melton

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.

---

STATE OF NORTH CAROLINA v. TERRY LEE MELTON

No. 8014SC921

(Filed 2 June 1981)

1. Criminal Law § 91 — motion to dismiss for violation of Speedy Trial Act — proper hearing conducted

   There was no merit to defendant's contention that the trial court erred in denying his motion to dismiss for failure to comply with the Speedy Trial Act without first holding a proper hearing on his motion, since the record indicated that such a hearing was conducted. G.S. 15A-703.

2. Criminal Law § 91 — compliance with Speedy Trial Act — computation of time proper

   There was no merit to defendant's argument that 131 non-excludable days elapsed between the date of his indictment and his trial, that this exceeded the 120-day limit of the Speedy Trial Act, and that the trial court therefore improperly denied his motion to dismiss, since the trial court determined that a State's witness was unavailable for trial during a two week period; subtracting the 14-day delay from the total 131 days left 117 days from the time of indictment until the time of trial, thus bringing the delay in bringing defendant to trial within the statutory limits; the trial court's finding that the witness was unavailable because of a trip to Europe was not reviewable since defendant did not take exception to the court's finding of fact; and, although the court did not refer to it in its order denying defendant's motion to dismiss, there was another time period of seven days which was excludable due to a court ordered continuance for the purpose of determining whether defendant's case should be joined with that of his brother. G.S. 15A-701(b)(3), (7).

APPEAL by defendant from *Godwin, Judge.* Judgment entered 27 May 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 9 February 1981.

*Attorney General Edmisten, by Associate Attorney James W. Lea, III, for the State.*

*R. Sterling Browne, II, for defendant appellant.*

MORRIS, Chief Judge.

Defendant's sole argument is to the alleged denial of his right to a speedy trial under G.S. 15A-701 *et seq.*

The record shows that the sequence of events preceding defendant's trial occurred as follows: On 9 January 1980 defendant was charged by indictment with the crime of common law robbery. Defendant allegedly forcibly stole $950 from the person of Lewis D. Walker on 2 November 1979. On 23 January 1980 he entered a plea of not guilty to this charge.

The state made a motion pursuant to G.S. 15A-926(b)(2) asking the court to join for trial defendant's case and that of his codefendant and brother, Ronnie Melton. The court issued an order on 27 March 1980 continuing the trial of defendant's case from its scheduled date of 27 March 1980 until 3 April 1980 so that hearing on the state's motion for joinder of the codefendant might be held. This order of continuance was issued pursuant to the motion of codefendant, Ronnie Melton. Subsequently, the court denied the state's motion to consolidate the two cases for trial.

Defendant's case was next scheduled for trial on 14 April 1980. On 17 April 1980, defendant pleaded guilty to one count of common law robbery and one count of misdemeanor possession of stolen property. This plea was entered in consequence of a plea arrangement between defendant and the state. After examining defendant as to his guilty pleas, the court, on 17 April 1980, found that the pleas were not freely, voluntarily, and intelligently entered. Consequently, the court rejected defendant's pleas and directed that the case be calendared for trial upon defendant's original pleas of not guilty.

Defendant's case was subsequently scheduled for trial during the week of 28 April 1980. Both the state and defendant were prepared for trial, but the case was not reached during that week.

Defendant's case was next set for trial during the week of 19 May 1980.

On 16 May 1980 defendant made a motion to dismiss the charges against him pursuant to G.S. 15A-703. He alleged that the state had failed to bring him to trial within the time limitations of the "speedy trial act", specifically G.S. 15A-701. On 19 May 1980

the court heard evidence on defendant's motion to dismiss. The court entered its order determining defendant's motion on 23 May 1980. Among others, the court made the following findings of fact:

> 11. That the State did not calendar the defendant's case for the weeks beginning May 5, 1980, or May 12, 1980, because Lewis D. Walker, an essential witness for the State, was unavailable during those two weeks as the result of a trip to Europe;
>
> . . .
>
> 13. That a period of 131 days has lapsed between the time that the defendant was indicted and the time that the case was called for trial on May 19, 1980;
>
> 14. That, pursuant to the provisions of N.C. G.S. 15A-701(b)(3), the period of time during which the trial of the defendant was delayed because of the unavailability of Lewis D. Walker is excluded from the computation of time within which the defendant's trial must begin.

Based upon its findings of fact the court denied defendant's motion to dismiss.

Defendant's trial on these charges was held as scheduled. The jury returned a verdict of guilty of common law robbery, and the court sentenced defendant to a term of six years imprisonment.

[1] Defendant's first argument is to the court's denial of his motion to dismiss without first holding a proper hearing on his motion. Defendant contends that prior case law and G.S. 15A-703 require the court to hold an evidentiary hearing conducted in a manner consistent with the requirements of due process when determining a motion to dismiss made pursuant to G.S. 15A-703.

We need not determine whether such a hearing is mandatory in this situation, because in the present case the record indicates that such a hearing was conducted, and there is no evidence to the contrary. The court's order denying defendant's motion to dismiss begins as follows:

> THIS CAUSE COMING ON TO BE HEARD upon motion of the defendant for dismissal of the charges pending against him in

the above-captioned action, pursuant to the provisions of N.C. G.S. 15A-703, *the Court, having heard the evidence, presented on May 19, 1980*, makes the following findings of fact: (Emphasis added.)

The record does not reflect that defendant objected to this statement nor excepted to it. Thus, we must accept its validity. The record contains no evidence, other than the court's statement, which would indicate whether an evidentiary hearing was held on defendant's motion. The presumption is that the judgment is correct. *London v. London*, 271 N.C. 568, 157 S.E. 2d 90 (1967). Therefore, we must assume that such a hearing was conducted.

[2] Next defendant argues that 131 non-excludable days lapsed between the date when defendant was indicted for this crime, 9 January 1980, and the date the trial actually began, 19 May 1980. This exceeded the 120-day limit established in G.S. 15A-701(a1). Consequently, defendant asserts that the court improperly denied his motion to dismiss.

G.S. 15A-703 requires dismissal of a case not brought to trial within the time limits of G.S. 15A-701(a1). However, G.S. 15A-701(b) delineates certain time periods which should be excluded in computing the time within which a criminal trial must begin. G.S. 15A-701(b)(3) provides that an exclusion should be allowed when,

Any period of delay resulting from the absence or unavailability of the defendant or an essential witness for the defendant or the State. For the purpose of this subdivision, a defendant or an essential witness shall be considered. . .

b. Unavailable when his whereabouts are known but his presence for testifying at the trial cannot be obtained by due diligence or he resists appearing at or being returned for trial. . .

In its order of 23 May 1980 denying defendant's motion to dismiss, the court made the following finding of fact:

11. That the State did not calendar the defendant's case for the weeks beginning May 5, 1980, or May 12, 1980, because Lewis D. Walker, an essential witness for the State, was unavailable during those two weeks as the result of a trip to Europe;

Defendant contends that the reasons for the witness's absence were insufficient under the statute to justify the state's delay of defendant's trial for two weeks. Therefore, the court improperly excluded the two weeks from its computation of the 120-day period. Defendant maintains that the witness's presence at trial could have been obtained through due diligence, and there is no evidence that the witness resisted appearing.

The court's finding of fact, as set out previously, that the state's witness, Lewis Walker, was unavailable is not now reviewable. Under Rule 10(b)(2), N.C. Rules of Appellate Procedure, a separate exception should be set out to the making of each finding of fact which is assigned as error. In the present case, defendant did not take exception to the court's finding of fact. Thus, it is binding upon us.

Even if we look beyond the court's finding of fact we do not find that defendant put on any evidence to refute the state's contention that the witness was unavailable for trial.

Subtracting the 14-day delay, which was caused by the unavailability of the state's witness, from the total 131 days leaves 117 days from the time of indictment until the time of trial. This brings the delay in bringing defendant to trial within the statutory limits.

Furthermore, although the court did not refer to it in its order denying defendant's motion to dismiss, there was another time period which was excludable. G.S. 15A-701(b)(7) provides that the following time period should be excluded from the 120 days.

(7) Any period of delay resulting from a continuance granted by any judge if the judge granting the continuance finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial and sets forth in writing in the record of the case the reasons for so finding.

The factors, among others, which a judge shall consider in determining whether to grant a continuance are as follows:

a. Whether the failure to grant a continuance would be likely to result in a miscarriage of justice; and

> b. Whether the case taken as a whole is so unusual and
> so complex, due to the number of defendants or the
> nature of the prosecution or otherwise, that it is unrea-
> sonable to expect adequate preparation within the time
> limits established by this section;

On 27 March 1980, a judge acting upon a motion by the codefend-
ant, continued this case to 3 April 1980. The judge in his order of
continuance stated:

> The Court determines that the ends of justice served by
> granting the continuance outweigh the best interests of the
> public and the defendant in a speedy trial, and the Court
> gives the following reasons for so finding:
>
> That there are pending motions to join cases by the State
> and counter motions to sever by the defense which will be
> heard on April 3, 1980 if a non-jury disposition arrangement
> is not found.
>
> The Court considered the following factors, among others, in
> determining whether to grant this continuance:
>
> 1. Whether the failure to grant the continuance would be
> likely to result in a miscarriage of justice; and
>
> 2. Whether the case taken as a whole is so unusual and so
> complex, due to the number of defendants or the nature of
> the prosecution or otherwise, that it is unreasonable to ex-
> pect adequate preparation within the time limits set by G.S.
> 15A-701.

The order is in compliance with the requirements of G.S. 15A-701
(b)(7). The seven-day period resulting from this court ordered con-
tinuance should be subtracted from the applicable period also.

> For these reasons we hold that the court properly found that
defendant's case came to trial within the 120-day limit of G.S.
15A-701 *et seq.*, and denied defendant's motion to dismiss.

No error.

Judges MARTIN (Robert M.) and WHICHARD concur.