STATE OF NORTH CAROLINA v. PAUL MICHAEL TUCKER

No. 8727SC420

(Filed 4 October 1988)

**Criminal Law § 122.1— jury's request for additional instructions—instruction given only to foreman—error**

    Where the jury foreman came to the courtroom to ask the trial court if the jury could convict of first degree rape without convicting of first degree kidnapping, and vice versa, the trial court erred in discussing the jury's question with the foreman only to the exclusion of the rest of the jury, since there was great danger that the question presented and the trial court's response might be inaccurately relayed by the foreman to the remaining jurors, and such procedure was in violation of N.C.G.S. § 15A-1234(a)(1) and constituted prejudicial error entitling defendant to a new trial, even though he failed to object at trial.

APPEAL by defendant from *Owens, Hollis M., Jr., Judge.* Judgments entered 5 December 1986 in Superior Court, LINCOLN County. Heard in the Court of Appeals 16 November 1987.

*Attorney General Lacy H. Thornburg by Associate Attorney General Rodney S. Maddox for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Geoffrey C. Mangum for defendant appellant.*

COZORT, Judge.

Defendant was charged on indictments proper in form with first degree rape, first degree sexual offense, and first degree kidnapping. He was first tried at the 11 March 1985 session of Lincoln County Superior Court where he was convicted of each charge and sentenced to life terms to run concurrently on the

State v. Tucker

first two offenses, and a twelve-year concurrent term on the last. On appeal the North Carolina Supreme Court found error and granted a new trial on all charges. *State v. Tucker*, 317 N.C. 532, 346 S.E. 2d 417 (1986).

Defendant was tried again at the 1 December 1986 session of Lincoln County Superior Court. He was convicted of second degree rape, second degree sexual offense, and second degree kidnapping. He was sentenced to 30 years on the rape charge, twenty years consecutive on the sex offense charge, and nine years concurrent on the kidnapping charge. Defendant appeals. We grant a new trial.

The evidence for the State tends to show that defendant began dating Imogene Parker in December of 1984. Ms. Parker tried to terminate their relationship. Ms. Parker agreed to meet defendant on 9 January 1985 to discuss their relationship. While they were riding around in defendant's truck, defendant stopped the truck and forced Ms. Parker from the truck at knife point. Defendant threatened Ms. Parker with the knife and forced her to perform oral sex on him and to have sexual intercourse with him.

Defendant testified that he and Ms. Parker had sexual intercourse on the date in question. He testified that Ms. Parker consented to the sexual intercourse and that she reluctantly agreed to perform oral sex on defendant to provide lubrication so that defendant could achieve penetration.

Defendant contends in his first assignment of error that the trial court erred by discussing a question from the jury with the foreman only to the exclusion of the rest of the jury. After the jury had retired to the jury room, the court was notified that the jury had a question. The following conversation transpired:

THE COURT: All right, tell the foreman to come in.

BAILIFF: Just the foreman?

THE COURT: Yes.

(Foreman returns to courtroom)

FOREMAN: Your Honor, may I approach the bench?

THE COURT: No, Mr. Foreman, if you have a question, why, you can state it right there; is that what you have?

State v. Tucker

FOREMAN: Yes, sir, we want a clarification on First Degree Kidnapping and First Degree Rape.

THE COURT: Well, what sort of clarification do you want?

FOREMAN: Should, would the same process, would we have to use the same thing on rape as we would on kidnapping?

THE COURT: Well, I don't quite, I don't quite understand the question. The elements of the two crimes are different. The elements the State has, the things that the State has to prove beyond a reasonable doubt are different for First Degree Rape and for Kidnapping.

FOREMAN: That's the question we're trying to get straight, Your Honor. Thank you. You answered my question right there. The question was that if, if it was First Degree Rape, then it wouldn't necessarily have to be First Degree Kidnapping or vice versa?

THE COURT: The offenses are separate, and the jury should consider all three offenses separate and arrive at separate verdicts under the, under the separate instructions that I've given you.

FOREMAN: Thank you, Your Honor.

THE COURT: Do you understand?

FOREMAN: Yes, sir, you satisfied our . . .

THE COURT: All right, now, just a minute.

FOREMAN: Yes, sir.

THE COURT: Counsel approach the bench.

(Conversation off the record at the bench between Mr. Lafferty, Mr. Shufford, and the Court)

THE COURT: All right, Mr. Foreman, you can return to the jury room if that answers your question.

FOREMAN: Thank you, sir. Thank you, sir.

(Foreman returns to jury room)

Defendant argues that the trial court's communicating with the jury foreman to the exclusion of the other jurors violates the provisions of N.C. Gen. Stat. § 15A-1234 and the rule articulated by our Supreme Court in *State v. Ashe*, 314 N.C. 28, 331 S.E. 2d 652 (1985). We agree.

In *Ashe*, the jury foreman came to the courtroom to ask the trial court if the jury could review the transcript of evidence. The trial court informed the foreman that there was no transcript and that the foreman was to tell the other jurors to review the evidence as they could recall it. In finding error the Supreme Court relied on N.C. Gen. Stat. § 15A-1233(a) (1987), which provides:

> (a) If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion, after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

The Supreme Court found the statute required all jurors to be returned to the courtroom:

> The statute requires all jurors to be returned to the courtroom when the jury "requests a review of certain testimony or other evidence." We are satisfied the statute means that all jurors must be present not only when the request is made, but also when the trial court responds to the request, whatever that response might be. Our holding on this point is supported both by the language of the statute and the statute's purpose.

> Our jury system is designed to insure that a jury's decision is the result of evidence and argument offered by the contesting parties under the control and guidance of an impartial judge and in accord with the judge's instructions on the law. All these elements of the trial should be viewed and heard simultaneously by all twelve jurors. To allow a jury foreman, another individual juror, or anyone else to com-

municate privately with the trial court regarding matters material to the case and then to relay the court's response to the full jury is inconsistent with this policy. The danger presented is that the person, even the jury foreman, having alone made the request of the court and heard the court's response firsthand, may through misunderstanding, inadvertent editorialization, or an intentional misrepresentation, inaccurately relay the jury's request or the court's response, or both, to the defendant's detriment. Then, each juror, rather than determining for himself or herself the import of the request and the court's response, must instead rely solely upon their spokesperson's secondhand rendition, however inaccurate it may be.

Thus, we hold that for the trial court in this case to hear the jury foreman's inquiry and to respond to it without first requiring the presence of all jurors was an error in violation of N.C.G.S. § 15A-1233.

*Ashe,* 314 N.C. at 36, 331 S.E. 2d at 657.

In the case below, the jury foreman's question concerned the court's instructions to the jury on the law applicable to the case. The governing statute is N.C. Gen. Stat. § 15A-1234(a)(1) (1987), which provides that "[a]fter the jury retires for deliberation, the judge may give appropriate additional instructions to . . . [r]espond to an inquiry of the jury made in open court . . . ." Subsection (d) requires that "[a]ll additional instructions must be given in open court and must be made a part of the record."

We find the Supreme Court's reasoning in *Ashe* concerning § 15A-1233(a) applicable to the situation which arose herein under § 15A-1234(a). The same danger is present: the question presented and the trial court's response may be inaccurately relayed by the foreman to the remaining jurors. In fact, the situation in this case may present more danger because the request involved the court's instructions on the elements necessary to prove each offense, and not just a request to review the transcript as was the case in *Ashe.* We hold it was error for the trial court to fail to bring the entire jury to the courtroom to respond to the jury's question.

We now consider whether the court's error entitles defendant to a new trial. In *Ashe*, the Supreme Court found the trial court's error so prejudicial that a new trial was required:

> Although the foreman might have relayed this exact message, he might as easily have conveyed some altered message or phrased the judge's response in his own words in such a way as to alter its connotation and its import. The manner in which he reported his request and the response might have led the other jurors to believe the trial court thought the evidence which the jury wanted reviewed unimportant or not worthy of further consideration.

*Ashe*, 314 N.C. at 38-39, 331 S.E. 2d at 659.

Following the Supreme Court's logic in *Ashe* again, we find the error below to be reversible error. The jury foreman struggled in his effort to present the question to the trial court. There was a great opportunity for miscommunication to the remaining jurors to the prejudice of defendant.

The State argues, however, that defendant has waived his right to raise the error on appeal because he failed to object at trial. In *Ashe*, the Supreme Court held the defendant did not have to object at trial in order to pursue his argument concerning § 15A-1233(a) on appeal. *Id.* at 40, 331 S.E. 2d at 659. We do not believe the situation presented under § 15A-1234(a) is distinguishable, and we likewise hold defendant did not waive his right to pursue his appeal herein. We hold defendant is entitled to a new trial.

Defendant brought forward three other assignments of error. In light of our holding, it is unnecessary to review those assignments of error.

New trial.

Judges WELLS and JOHNSON concur.