STATE OF NORTH CAROLINA v. JEFFERY RICARDO ROBINSON

No. COA02-1412

(Filed 7 October 2003)

**Jury— conversations with jury foreman alone—failure to summon full jury into courtroom for instructions**

The trial court erred in a conspiracy to traffic in cocaine, trafficking in cocaine, and possession with intent to sell or deliver cocaine case by engaging in three conversations with the jury foreman alone regarding the charges and jury deliberations outside the presence of the remainder of the jury, and defendant is granted a new trial, because: (1) the full jury must be summoned into the courtroom when giving instructions on the law applicable to the case under N.C.G.S. § 15A-1234; (2) it cannot be known whether the jury foreman truly understood the answers provided to him by the trial court or whether he conveyed them correctly to the other jurors; and (3) it is impossible to know whether the other jurors themselves understood the instructions provided to them by the foreman when deliberating and deciding their verdict.

Appeal by defendant from judgment entered 14 September 2001 by Judge Russell G. Walker, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 9 September 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Edwin Lee Gavin, II, for the State.*

*Walter L. Jones, for defendant-appellant.*

TYSON, Judge.

Jeffery Ricardo Robinson ("defendant") appeals from a jury's verdict finding him guilty of conspiracy to traffic in cocaine and possession with intent to sell or deliver cocaine. We reverse and grant a new trial.

## I. Background

Defendant was indicted on 13 December 1999 on charges of conspiracy to traffic in cocaine, trafficking in cocaine, and possession of cocaine with intent to sell and deliver. Included with this last charge was the lesser included offense of possession of cocaine. At the conclusion of the trial, the trial court instructed the jury on the charges in the indictment and the lesser included offense of possession of cocaine. The trial court also instructed the jury on the defense of entrapment. Defendant made no objection to the jury instructions.

After the instructions were given, the jury retired to deliberate. At 3:45 p.m., the jury sent out questions to the court. The court instructed the bailiff to bring in the jury foreman, Mr. Meisner ("Meisner"). The court addressed Meisner as follows:

THE COURT: Mr. Meisner, if you would, I'm going to answer these two questions to you and let you convey the answers to the jury. The first question was, 'Does Robinson have to conspire with only one other person to commit conspiracy to traffic in cocaine and be found guilty?' The answer to that question is 'yes.' And your second question was, 'Is Thomas Benton the correct name to appear in the conspiracy to traffic charge?' The answer to that question is 'yes.' If you would communicate that to your other jurors."

Meisner then returned to the jury room to resume deliberations. At 4:55 p.m., the court inquired of Meisner as to whether progress was being made. Meisner responded that progress was being made. Ten minutes later, the court informed counsel that the jury had sent in another question. The question was, "Why does the third charge not show count three?" The court instructed Meisner, alone, to again be brought in. When Meisner entered, the court addressed him as follows:

THE COURT: Mr. Meisner, to answer your question, case number 99-97658 was a two-count indictment. The first count

>was trafficking; the second count was possession
>with intent to sell or deliver. There is a lesser
>included offense of that second count, which is
>the possession of cocaine. So, it was not numbered
>as a count.

Meisner indicated that he understood and returned to the jury. At
5:15 p.m., the jury returned with its verdicts. The jury found the
defendant guilty of conspiracy to traffic in cocaine, not guilty of traf-
ficking in cocaine, and guilty of possession with intent to sell or
deliver cocaine.

## II. Issue

The sole issue is whether the trial court erred by engaging in
numerous conversations with the jury foreman alone regarding the
charges and jury deliberations outside the presence of the remainder
of the jury.

## III. Conversations Outside the Presence of the Full Jury

### A. Application of N.C. Gen. Stat. § 15A-1233(a)

N.C. Gen. Stat. § 15A-1233(a) (2001) requires:

>(a) If the jury after retiring for deliberation requests a review of
>certain testimony or other evidence, the jurors must be con-
>ducted to the courtroom. The judge in his discretion, after notice
>to the prosecutor and defendant, may direct that requested parts
>of the testimony be read to the jury and may permit the jury to
>reexamine in open court the requested materials admitted into
>evidence. In his discretion the judge may also have the jury
>review other evidence relating to the same factual issue so as not
>to give undue prominence to the evidence requested.

In *State v. Ashe*, our Supreme Court held:

>This statute imposes two duties upon the trial court when it
>receives a request from the jury to review evidence. First, the
>court must conduct all jurors to the courtroom. Second, the trial
>court must exercise its discretion in determining whether to per-
>mit requested evidence to be read to or examined by the jury
>together with other evidence relating to the same factual issue.

314 N.C. 28, 34, 331 S.E.2d 652, 656 (1985). "While the statute does not
expressly say that the trial judge must have the jurors conducted to
the courtroom, we have no doubt that the legislature intended to

place this responsibility on the judge presiding at the trial." *Id.* at 35, 331 S.E.2d at 657. Our Supreme Court concluded that:

> Our jury system is designed to insure that a jury's decision is the result of evidence and argument offered by the contesting parties under the control and guidance of an impartial judge and in accord with the judge's instructions on the law. All these elements of the trial should be viewed and heard simultaneously by all twelve jurors. To allow a *jury foreman,* another individual juror, or anyone else to communicate privately with the trial court regarding matters material to the case and then to relay the court's response to the full jury is inconsistent with this policy. The danger presented is that the person, *even the jury foreman,* having alone made the request of the court and heard the court's response firsthand, may through misunderstanding, inadvertent editorialization, or an intentional misrepresentation, inaccurately relay the jury's request or the court's response, or both, to the defendant's detriment. Then, each juror, rather than determining for himself or herself the import of the request and the court's response, must instead rely solely upon their spokesperson's secondhand rendition, however inaccurate it may be.

> Thus, we hold that for the trial court in this case to hear the jury foreman's inquiry and to respond to it without first requiring the presence of all jurors was an error in violation of N.C.G.S. § 15A-1233.

*Id.* at 36, 331 S.E.2d at 657 (emphasis supplied).

This Court, in *State v. Tucker* found that the Supreme Court's reasoning in *Ashe* concerning N.C. Gen. Stat. § 15A-1233(a) equally applies to N.C. Gen. Stat. § 15A-1234(a). 91 N.C. App. 511, 515, 372 S.E.2d 328, 331 (1988). N.C. Gen. Stat. § 15A-1234(a) (2001) states:

> (a) After the jury retires for deliberations, the judge may give appropriate additional instructions to: (1) Respond to an inquiry of the jury made in open court; or (2) Correct or withdraw an erroneous instruction; or (3) Clarify an ambiguous instruction; or (4) Instruct the jury on a point of law which should have been covered in the original instructions.

This Court held that the same danger present in *Ashe* was present in this case: "the question presented and the trial court's response may be inaccurately relayed by the foreman to the remaining jurors." *Tucker*, 91 N.C. at 515, 372 S.E.2d at 331. This Court held:

[t]he situation in this case may present more danger because the request involved the court's instructions on the elements necessary to prove each offense, and not just a request to review the transcript as was the case in *Ashe*. We hold it was error for the trial court to fail to bring the entire jury to the courtroom to respond to the jury's question.

*Id.* This Court held that the full jury must be summoned into the courtroom when giving instructions on the law applicable to the case under N.C. Gen. Stat. § 15A-1234(a). *Id.*

Here, the trial court spoke to the jury foreman on three different occasions outside of the presence of the full jury. The court answered questions concerning the charges against defendant on two different occasions. The other communication concerned the progress of the jury's deliberations. Each time, the court stated to the jury foreman that it would allow him to "convey the answers to the jury." This is in direct violation of the requirements of N.C. Gen. Stat. § 15A-1234(a), the holdings of this Court, and our Supreme Court. By failing to summon all twelve jurors to the courtroom before providing answers to various questions, the trial court violated statutes and case law.

### B. Reversible Error

After finding that the trial court erred in communicating with the jury foreman outside the presence of the full jury, we must determine whether this error was prejudicial to the defendant. We hold that it was.

In *Tucker*, this Court found reversible error in failing to summon the full jury into the courtroom. Again, following the reasoning in *Ashe*, this Court held:

Although the foreman might have relayed this exact message, he might have as easily have conveyed some altered message or phrased the judge's response in his own words in such a way as to alter its connotation and its import. The manner in which he reported his request and the response might have led the other jurors to believe the trial court thought the evidence which the jury wanted reviewed unimportant or not worthy of further consideration.

*Id.* at 516, 372 S.E.2d at 331. As our Supreme Court stated in *Ashe*, the purpose of the statute is to prevent the jury foreman "through misun-

derstanding, inadvertent editorialization, or an intentional misrepresentation," from "inaccurately relaying the jury's request or the court's response, or both, to the defendant's detriment." *Ashe*, 314 N.C. at 36, 331 S.E.2d at 657.

Here, we cannot know whether the jury foreman truly understood the answers provided to him by the trial court or whether he conveyed them correctly to the other jurors. Further, it is impossible to know whether the other jurors themselves understood the instructions provided to them by the foreman when deliberating and deciding their verdict. If all twelve jurors had been summoned to the courtroom as required by the statute and case law, there would be no question whether all twelve were conveyed the same answers in the same manner. We hold that it was reversible error by the trial court to not summon the full jury into the courtroom before answering their questions.

## IV. Conclusion

The trial court committed reversible error. Defendant is granted a new trial.

New trial.

Judges WYNN and LEVINSON concur.