STATE OF NORTH CAROLINA v. PATRICK CORNELIUS DAVIS, Defendant

No. COA04-115

(Filed 4 January 2005)

## 1. Criminal Law— response to jury question—not expression of opinion

The trial court did not express an opinion where defendant was charged with the armed robbery and common-law robbery of several victims, the jury asked a question about the requirement of a firearm as to a particular victim, the court instructed the jury that it could return a verdict of guilty of armed robbery, guilty of common-law robbery, or not guilty, and the court then instructed the jury on common-law robbery, having already instructed on robbery with a firearm. N.C.G.S. § 15A-1234(a)(1).

## 2. Evidence— photo lineup from mug shots—not plain error

There was no plain error in a robbery prosecution in allowing an officer to testify that he created a photo lineup from mug shots on file with the police department. There were other references to defendant's prior criminal record, and ample evidence to find the elements of common-law robbery and armed robbery.

## 3. Constitutional Law— effective assistance of counsel—negative remarks about defendant

Defendant was not denied effective assistance of counsel where his attorney made negative remarks at sentencing about defendant's intelligence and decision-making in opting for trial rather than taking a plea bargain in an effort to show that he was not capable of informed, reasoned decisions and that his sentence should not be disproportionate to sentences of his codefendants. Defense counsel was advocating for his client; moreover, each of defendant's sentences was within the statutory range and there is no evidence that counsel's remarks improperly influenced the sentencing.

## 4. Sentencing— discrepancy—announced sentence and written judgment—right to be present

Robbery sentences were vacated where there were discrepancies between the sentence announced in open court and the written judgment. A defendant has the right to be present when the sentence is imposed.

STATE v. DAVIS

[167 N.C. App. 770 (2005)]

**5. Sentencing— restitution—sufficiency of evidence**

The restitution ordered to several victims in a robbery sentence was not supported by the evidence in several instances, but was supported in one where the court took an average between the amount the victim estimated was in her pocketbook and the higher amount an accomplice testified was in the pocketbook.

Appeal by defendant from judgment entered 31 October 1995 by Judge Preston Cornelius in Guilford County Superior Court. Heard in the Court of Appeals 19 October 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel D. Addison, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellant Defender Matthew D. Wunsche, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant appeals from judgments imposing active sentences of imprisonment entered upon his conviction of three counts of robbery with a dangerous weapon and one count of common-law robbery.

The evidence at trial tended to show that on the evening of 26 November 1994, defendant, Sam Blackmon (Blackmon) and Jamie West (West) were driving around Greensboro in a car Blackmon had stolen the day before. After defendant suggested "holding somebody up" to make some easy money, the men saw Benny Fields, (Fields) age fourteen, walking down Creekridge Road. Defendant, who was driving, stopped the car and handed West a gun. Blackmon and West got out of the car, hit Fields over the head knocking him out, and then stole his Kansas City Chiefs Starter jacket which held Fields' calculator and a wallet containing four dollars in it.

Blackmon and West jumped back in the car and defendant drove them to the Four Seasons Mall. They drove around the parking lot looking for someone they could "get an easy move on." Defendant parked the car about fifteen to twenty feet from Michael Ellis' (Ellis) truck, took the gun, got out of the car and approached Ellis. Defendant pointed the gun at Ellis' head and told him "to empty [his] pockets and put them on the hood of the truck." Ellis put his money clip which held about fifty to sixty dollars on top of the truck. Defendant grabbed the money, got back in his car and, with Blackmon driving, the men drove away.

STATE v. DAVIS

[167 N.C. App. 770 (2005)]

Walter Farlow and his then girlfriend (now wife), Barbara, were putting packages in their car when a car pulled up beside them in the Wal-Mart parking lot. As Barbara returned the shopping cart and Walter unlocked the driver's door, a young black male with a gun came behind him and said, "Give me your wallet." When Barbara saw the man, she put her purse along with a shopping bag under another car. Then, after the man demanded she return to her car, she joined Walter by the car. As she started toward them, another man got out of the car and picked up Barbara's purse. At Barbara's urging, Walter took his money, approximately forty dollars, out of his wallet and laid the money along with his wallet on the trunk of the car. The man picked up the money and ran back to his car. As it sped away, Walter observed three individuals in the car.

Officer Norman Rankin investigated the crimes and, as a result of his investigation, arrested Blackmon on 28 November 1994. Blackmon made a statement to Officer Rankin confessing his involvement in the crimes and implicating West and defendant. The police arrested defendant on 30 November 1994 charging him with four counts of robbery with a dangerous weapon.

I.

[1] Defendant first argues the trial court violated its statutory and constitutional responsibilities by expressing its opinion as to defendant's guilt in response to the jury's question about an element of robbery with a dangerous weapon. During deliberations the jury sent a note asking the court, "Is guilty of robbery allowed without saying by firearm? RE: Benny Fields." The court brought the jury back into the courtroom and instructed them as follows:

> As to that particular charge, members of the jury, you may return one of three possible verdicts—guilty of robbery with a firearm and I'm going to tell you about common law robbery or not guilty. I think you've already been charged as to robbery with a firearm.

The judge then proceeded to instruct the jury on common law robbery.

First, the State notes that defendant failed to preserve this issue for review on appeal because he failed to object to the instructions at trial. However, in *State v. Tucker*, 91 N.C. App. 511, 516, 372 S.E.2d 328, 331 (1988) this Court held defendant did not waive his right to pursue his appeal by failing to object to additional jury instructions.

N.C. Gen. Stat. § 15A-1234(a)(1) (2003) provides "[a]fter the jury retires for deliberation, the judge may give appropriate additional instructions to . . . [r]espond to an inquiry of the jury made in open court." This statute does not prevent the judge from responding in open court to a written question from the jury. *State v. Davis*, 353 N.C. 1, 17, 539 S.E.2d 243, 255 (2000), *cert. denied*, 534 U.S. 839, 151 L. Ed. 2d 55 (2001). In addition, the judge is not "required to repeat instructions which have been previously given to the jury in the absence of some error in the charge." *State v. Hockett*, 309 N.C. 794, 800, 309 S.E.2d 249, 252 (1983).

It is apparent from the record that the judge instructed the jurors that they had three options: guilty of robbery with a firearm, guilty of common law robbery or not guilty. Since an instruction in the elements necessary for conviction of robbery with a firearm had previously been given, the court only instructed the jury on the elements of common law robbery. The instruction does not indicate an expression of opinion in violation of defendant's statutory or constitutional rights. The assignment of error is overruled.

II.

**[2]** Next, defendant argues the trial court committed plain error by allowing Detective A. C. Yow (Yow) to testify that he created a photo lineup from mug shots on file with the police department. The testimony was prejudicial, defendant argues, because it amounted to evidence of defendant's prior criminal record.

Where a defendant has not preserved an issue for review by objecting at trial, an appellate court may review the issue only for plain error. N.C. R. App. P. 10(c)(4). "Under a plain error analysis, defendant is entitled to a new trial only if the error was so fundamental that, absent the error, the jury probably would have reached a different result." *State v. Jones*, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002).

Detective Yow testified at trial that he

took the names of the known suspects and in our computer system with Guilford County all mug shots are done in this computer and filed. This filing system, when you are setting up a series of picture line-ups picks subjects of the same characteristics, same heights, basically the same weight and they present these pictures to us and then we do the line-up.

However, there were other references at trial to defendant's prior criminal record. Blackmon testified that after defendant got back into the car at Wal-Mart, defendant "was all tensed up" and "said he wasn't going back to prison." Blackmon also testified that when he answered a phone call at defendant's mother's home, he asked who was calling because defendant's mother said, "which one called because he has brothers that's locked up too." At trial, Detective Norman Rankin of the Greensboro Police Department read a statement given on 23 October 1995 by Blackmon in his own handwriting which said, *inter alia*, "[defendant] don't [sic] want to go back to prison."

Furthermore, there was ample evidence in the record to permit the jury to find the elements of common-law robbery and robbery with a dangerous weapon. After careful review of the record, we cannot say absent the reference to the mug shots, the outcome of the trial would have been different. Therefore, the assignment of error is without merit.

### III.

**[3]** Defendant alleges he was denied effective assistance of counsel during sentencing when his attorney failed to advocate for him and argued he should receive a harsher sentence than his co-defendants. A defendant has a right to the effective assistance of his counsel. *State v. Braswell*, 312 N.C. 553, 561, 324 S.E.2d 241, 247 (1985). In order to establish a claim of ineffective assistance of counsel, defendant, using an objective standard of reasonableness, must meet a two-prong test established by the United States Supreme Court. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* "The fact that counsel made an error, even an unreasonable error, does not warrant reversal of a conviction unless there is a reasonable probability that, but for counsel's errors, there would have

been a different result in the proceedings," *Braswell*, 312 N.C. at 563, 324 S.E.2d at 248.

Although defense counsel made negative remarks during the sentencing hearing about defendant's intelligence, his decision making and his decision to opt for a trial rather than taking a plea bargain, when viewing the totality of the evidence, it is apparent he did this in an effort to advocate for his client. Defense counsel attempted to show that defendant was not mentally capable of making informed, reasoned decisions and therefore his sentence should not be "incredibly disproportionate to his fellows when he's got that kind of thing going on."

Defense counsel requested that the court consolidate the Farlow cases into one case and the other two cases into one so defendant would be sentenced for only two cases rather than four. Without consolidation, defense counsel contended defendant would be looking at "20-some years" which he argued was "incredibly disproportionate to the other people involved in the crime as well as what to me would be simple notions of justice."

Defendant relies on *State v. Davidson*, 77 N.C. App. 540, 335 S.E.2d 518 (1985), *disc. review denied*, 315 N.C. 393, 338 S.E.2d 882 (1986), where defendant's counsel was deemed ineffective. However, in *Davidson*, unlike the present case, defendant's counsel "offered no argument in defendant's favor, made no plea for findings of mitigating factors, failed to argue for reduced punishment on the basis that defendant was not the armed participant, failed to suggest any favorable or mitigating aspects of defendant's background, and failed even to advocate leniency." *Id.* at 545, 335 S.E.2d at 521.

In addition to failing to establish that defense counsel was not functioning as counsel, defendant has not demonstrated that but for counsel's error his sentence would have differed. When a sentence is within the statutory limit it will be presumed regular and valid unless "the record discloses that the court considered irrelevant and improper matter in determining the severity of the sentence." *State v. Johnson*, 320 N.C. 746, 753, 360 S.E.2d 676, 681 (1987). Each of defendant's sentences were within the presumptive range and there is no evidence in the record showing that counsel's arguments improperly influenced the trial court's sentencing. Accordingly, the assignment of error is overruled.

IV.

**[4]** Next defendant contends the trial court erred when it increased defendant's sentence in the written judgment after announcing a different sentence in open court. The State, in its brief, concedes there were discrepancies between the judgment announced in open court and the written judgment form.

A defendant has a right to be present at the time the sentence was imposed. *State v. Crumbley*, 135 N.C. App. 59, 66, 519 S.E.2d 94, 99 (1999). Because defendant was not present at the time the written judgment was entered, the "sentence must be vacated and the matter remanded for the entry of a new sentencing judgment." *Id.*

V.

**[5]** In his final argument, defendant asserts the evidence did not support the amount of restitution the trial court ordered defendant to pay to the four victims. At the sentencing hearing, the trial court awarded $45.00 to Michael Ellis, $125.00 to Benny Fields. $180.00 to Barbara Farlow and $50.00 to Walter Farlow as restitution. The State concedes the evidence did not support the amounts of restitution ordered as to Michael Ellis, Benny Fields and Walter Farlow. As to Barbara Farlow, the evidence at trial was conflicting.

Barbara Farlow testified that although she did not know the exact amount, the pocketbook taken from her contained "between a hundred and twenty and a hundred and fifty dollars in cash." On the other hand, West testified the pocketbook contained about $240.00 of which he took $40.00. It appears the trial court, in awarding $180.00, took an average between Barbara Farlow's lowest estimate of $120.00 and West's estimate of $240.00.

The amount of restitution ordered by the trial court must be supported by the evidence. *State v. Wilson*, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995). However, "[w]hen, as here, there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal." *State v. Hunt*, 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986). Therefore, we will not disturb the trial court's order of restitution to Barbara Farlow. We remand for reconsideration of restitution as to Michael Ellis, Benny Fields and Walter Farlow.

Defendant's remaining assignments of error were not brought forward in his brief and thus are deemed abandoned. N.C. R. App. P. 28(a).

No error in trial, remanded for resentencing and redetermination of restitution.

Judges McCULLOUGH and ELMORE concur.