STATE OF NORTH CAROLINA
v.
ERIC CHRISTOPHER ORR.
No. COA08-744
Court of Appeals of North Carolina.
Filed April 7, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Nancy Reed Dunn, for the State.
Charlotte Gail Blake for defendant-appellant.
ROBERT C. HUNTER, Judge.
On 26 July 2007, Eric Christopher Orr ("defendant") was convicted of felony possession of cocaine and sentenced to six to eight months imprisonment. The trial court ordered that defendant serve an active term of sixty days imprisonment, gave him credit for fifty-five days served in prison prior to judgment, and suspended the remainder of defendant's sentence and placed him on supervised probation for twenty-four months. The trial court further required that defendant be placed on intensive supervision for six months. Lastly, the trial court ordered that defendant's sentence begin at the expiration of any other sentence he was currently serving. Defendant appeals. Defendant first argues that the trial court failed to consider the purposes of sentencing when it imposed his sentence for possession of cocaine. N.C. Gen. Stat. § 15A-1340.12 provides as follows:
The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.
N.C. Gen. Stat. § 15A-1340.12 (2007). Defendant asserts that he was convicted of having only a "personal use amount of cocaine." Thus, defendant contends that there was no need to protect the public from him, and that his "total sentence" was not necessary to assist him in his rehabilitation. Defendant notes that the trial court already ordered him to undergo a substance abuse assessment and treatment, and argues that this was sufficient to assist him towards his rehabilitation. We are not persuaded.
"In order to overturn a sentencing decision, the reviewing court must find an `abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.'" State v. Willis, 92 N.C. App. 494, 498-99, 374 S.E.2d 613, 616 (1988) (citations omitted), disc. review denied, 324 N.C. 341, 378 S.E.2d 808 (1989). Here, defendant was sentenced within the presumptive range of punishment for a Class I, Level III felon. "When a sentence is within the statutory limit it will be presumed regular and valid unless `the record discloses that the court considered irrelevant and improper matter in determining the severity of the sentence.'" State v. Davis, 167 N.C. App. 770, 775, 607 S.E.2d 5, 9 (2005) (quoting State v. Johnson, 320 N.C. 746, 753, 360 S.E.2d 676, 681 (1987)). Defendant has failed to demonstrate that the trial court acted on any inappropriate information during sentencing.
We further find unpersuasive defendant's contention that the trial court erred by sentencing him to an active term of sixty days imprisonment. Defendant contends that the trial court should have placed him solely on probation. "Our Supreme Court has held that `[a] person convicted of [a] crime is not given a right to probation by the United States Constitution.'" State v. Tennant, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000) (alterations in original) (quoting State v. Hewett, 270 N.C. 348, 351, 154 S.E.2d 476, 478 (1967)). "Rather, `[p]robation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime.'" Id. (alteration in original; emphasis added; citations omitted). Accordingly, we find no abuse of discretion.
Defendant next contends that the judgment contains a clerical error because it erroneously states that he both pled guilty and was found guilty by a jury. Defendant asserts that there was no plea agreement in this matter. However, we find no error apparent on the record. The judgment included in the record has an X in the box next to "was found guilty by a jury[.]" The box next to "pled guilty to" is indecipherable. "`It is the appellant's duty and responsibility to see that the record is in proper form and complete.'" State v. Brown, 142 N.C. App. 491, 492-93, 543 S.E.2d 192, 193 (2001) (citations omitted). Furthermore, there is a presumption that the judgment is correct. State v. Melton, 52 N.C. App. 305, 308, 278 S.E.2d 309, 311 (1981) (citing London v. London, 271 N.C. 568, 157 S.E.2d 90 (1967)). Thus, because defendant has failed to demonstrate that any clerical error exists, we find no error.
Lastly, defendant argues that the judgment erroneously reflects that he was to spend six months on intensive probation. Defendant contends that the trial court never stated a length for him to spend on intensive probation, and no minimum is required by statute. We agree. The transcript reveals that the trial court simply placed defendant on intensive probation without specifying a duration. However, the judgment specifies that defendant should submit to intensive supervision for a period of six months. A defendant has a right to be present at the time sentence is imposed. Davis, 167 N.C. App. at 776, 607 S.E.2d at 9 (citing State v. Crumbley, 135 N.C. App. 59, 66, 519 S.E.2d 94, 99 (1999)); see also State v. Hanner, ___ N.C. App. ___, 654 S.E.2d 820 (2008). Here, there is no indication in the record that defendant was present when the trial court determined the period of his intensive probation, or at the time the trial court entered the written judgment. Accordingly, defendant's sentence is reversed and the matter remanded for resentencing. Reversed and remanded.
Judges McGEE and JACKSON concur.
Report per Rule 30(e).