STATE OF NORTH CAROLINA v. ROBERT LEROY WILHELM

No. 8219SC273

(Filed 2 November 1982)

1. **Criminal Law § 15.1— denial of change of venue—pretrial publicity—no error**

    The trial court did not err in denying defendant's motion for change of venue or a special venire under G.S. 15A-957 where only two rather short newspaper articles were about the case and both articles were factual, not inflammatory.

2. **Criminal Law § 99.6— remarks by court following cross-examination of witness—not prejudicial**

    The trial judge did not express an opinion as to the credibility of the evidence after several questions were asked on cross-examination of a witness where the court was merely sustaining an objection to a question that was already asked and answered, and indicating that he would allow defendant's attorney to go deeper in that line of questioning.

3. **Searches and Seizures § 1— motion to suppress evidence—no evidence to suppress—no findings of fact at conclusion of hearing**

    Even if the judge had believed the testimony of defendant's witnesses that a nonconsensual search of defendant's cars and refrigerator had been made after SBI agents left to obtain a warrant, no evidence was found in the cars or refrigerator which could have been suppressed. Since there was no conflict over whether anything was obtained from an alleged illegal search, there was no material conflict in the evidence and there was no error in the court's failure to make findings of fact at the conclusion of the suppression hearing. G.S. 15A-977(d).

4. **Narcotics § 4— proof of possession of 5,000 tablets of methaqualone—only three tablets analyzed—sufficiency of evidence**

    The trial court did not err in allowing exhibits to be introduced into evidence as units of methaqualone where only three tablets of 5,000 tablets were analyzed since when a random sample from a quantity of tablets or capsules identical in appearance is analyzed and is found to contain contraband, the entire quantity may be introduced as the contraband.

APPEAL by defendant from *Washington, Judge.* Judgments entered 29 October 1981 in Superior Court, ROWAN County. Heard in the Court of Appeals 12 October 1982.

Defendant was arrested without a warrant on 28 May 1981 for felonious possession of cocaine and felonious trafficking in methaqualone. On 27 July 1981, defendant was charged in two indictments for possession of cocaine and trafficking in methaqualone. Prior to trial, his motions for change of venue and to suppress evidence were denied.

The State's evidence tends to show that on 27 May 1981, SBI agent Mills bought some methaqualone (commonly known as Quaaludes or ludes) from Mr. Banakes. Banakes gave Mills samples of two kinds of Quaaludes so Mills could decide which pills he wanted. The next day, Mills had the samples analyzed in Raleigh. They were found to be methaqualone, and he was told to purchase 5,000 pills. At 5:00 p.m., Banakes called Mills and arranged to meet him at the China Grove rest stop on I-85 at 6:30 p.m. Mills went to the rest stop, accompanied by air and ground surveillance. He followed Banakes to an apartment building and waited outside. Banakes went into defendant's apartment. When he returned, he gave Mills a large plastic bag containing 5,000 white Quaaludes. Mills placed Banakes under arrest. SBI agents Nelson and Stout arrived within thirty seconds. Mills and Nelson went to defendant's apartment, yelled "SBI," and arrested defendant. They quickly checked the apartment to see if there were any other people in there.

Agent Nelson said after they arrested defendant, he checked the living room and closets to see if anyone else was in the apartment. He returned to the kitchen and saw two plastic bags on top of the refrigerator, in plain view. He asked defendant if they could search the apartment, but defendant consented to a search of the kitchen only. They did not search the kitchen, instead, Nelson and Mills went to a magistrate to get a search warrant. They returned with the search warrant at 10:00 p.m.

Agent Lane testified that he remained in his car in front of defendant's apartment while Nelson and Mills went to get the search warrant. He said that no one searched the apartment. From his car, Lane could see the kitchen through the sliding glass doors. He said that nobody disturbed the pills on top of the refrigerator. He was not sure if anyone searched defendant's cars before the warrant was obtained.

Randy Doby, a child present when defendant was arrested, said that he told the police that defendant put a gun behind his microwave oven.

Agent Nelson testified that when he returned with the search warrant the plastic bags on top of the refrigerator had not been moved. Agent Lane testified that after the search warrant was obtained, he took the plastic bags of pills from the top of the

refrigerator. He also found a bag of white powder in defendant's bedroom closet.

Defendant's evidence tends to show that his apartment and cars were searched while the SBI agents were obtaining a search warrant. Randy Doby, Geraldine Doby, and Katherine Upright said they saw men looking in defendant's refrigerator and in his cars. Mrs. Doby and Ms. Upright could see into defendant's kitchen from Mrs. Doby's kitchen.

Defendant was found guilty of felonious possession of cocaine and trafficking in methaqualone.

*Attorney General Edmisten, by Assistant Attorney General W. Dale Talbert, for the State.*

*Davis and Corriher, by James A. Corriher, for defendant appellant.*

VAUGHN, Judge.

[1]  Defendant's first argument is that the trial court erred in denying his motion for change of venue or a special venire.

> If, upon motion of the defendant, the court determines that there exists in the county in which the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial, the court must either:
>
> (1) Transfer the proceeding to another county. . . , or
>
> (2) Order a special venire. . . .

G.S. 15A-957.

Defendant has the burden of proof on a motion for change of venue, and to prevail, he must show that there is a reasonable likelihood that the prejudicial publicity complained of will prevent a fair trial. *State v. McDougald,* 38 N.C. App. 244, 248 S.E. 2d 72 (1978), *review denied,* 296 N.C. 413, 251 S.E. 2d 472 (1979). A motion for change of venue is addressed to the sound discretion of the trial judge, absent a showing of abuse of discretion, the ruling will not be overturned. *State v. Alford,* 289 N.C. 372, 222 S.E. 2d 222, *death sentence vacated,* 429 U.S. 809, 97 S.Ct. 46, 50 L.Ed. 2d 69 (1976).

In his brief, defendant contends that various articles published in the local newspaper were inflammatory and prejudicial. Of the twelve newspaper articles he introduced into evidence, ten were written in November 1979, and were about a different trial. Only two rather short articles were about this case. At trial, defendant admitted that the articles were factual, not inflammatory. News coverage which accurately reports the circumstances of the case is not so innately conducive to the inciting of local prejudices as to require a change of venue. *State v. Oliver*, 302 N.C. 28, 274 S.E. 2d 183 (1981); *State v. Matthews*, 295 N.C. 265, 245 S.E. 2d 727 (1978), *cert. denied*, 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed. 2d 90 (1979).

[2] Defendant's second argument is that the trial judge expressed an opinion as to the credibility of the evidence after the following questions on cross-examination:

Q: [Mr. Corriher]: Mr. Neuner, did you do a physical count yourself of any of these pills?

A: No, sir, I did not.

Q: And did you check for latent fingerprints on the four or five plastic bags you testified about?

A: The five clear plastic bags.

Q: You didn't find any latent fingerprints of Mr. Robert Wilhelm on any of those bags, did you, sir?

A: Made no comparison. I found several fragmentary latent prints, but they did not contain a sufficient number of identifying characteristics to determine who they belonged to.

Q: You found no latent fingerprints of Robert Wilhelm on those bags, did you, sir?

MR. BOWERS: Your Honor, the State objects.

THE COURT: I think he answered that. Sustained. If you want him to testify to those he found to be identical or substantially similar to those of Mr. Wilhelm and those found not to be similar, I'll let him go into it if you want him to. Now, do you want him to go all the way into this?

MR. CORRIHER: No, sir.

THE COURT: Then the objection would be sustained.

"A trial judge may not express. . . , any opinion in the presence of the jury on any question of fact to be decided by the jury." G.S. 15A-1222. It is immaterial how the opinion is expressed, whether in the examination of a witness, in the rulings upon objections to evidence, or in any other manner. *State v. Freeman*, 280 N.C. 622, 187 S.E. 2d 59 (1972). The judge's comments should be considered in light of all the facts and circumstances. *State v. Brady*, 299 N.C. 547, 264 S.E. 2d 66 (1980).

In this case, it is clear that the trial judge's comments, taken in context, were not prejudicial. He was merely sustaining an objection to a question that was already asked and answered, and indicating that he would allow Mr. Corriher to go deeper in that line of questioning.

[3] Defendant's third argument is that the trial court erred in denying his motion to suppress the evidence seized by the police.

It is a "basic principle of Fourth Amendment law" that searches and seizures inside a home without a warrant are presumptively unreasonable. Yet it is also well settled that . . . [t]he seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity.

*Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed. 2d 639 (1980).

Defendant contends that a nonconsensual search was made in his apartment after the SBI agents left to obtain a warrant. Although the State's witnesses deny making an illegal search, defendant's witnesses said that they saw men looking into defendant's cars and refrigerator. Even if the judge had believed the testimony of defendant's witnesses, no evidence was found in the cars or refrigerator which could have been suppressed.

Defendant contends that the trial court erred by not making findings of fact at the conclusion of the suppression hearing. G.S. 15A-977(d) provides: "If the motion is not determined summarily the judge must make the determination after a hearing and find-

ing of facts. . . ." Section (f) provides: "The judge must set forth in the record his findings of facts and conclusions of law." Since there is no conflict over whether anything was obtained from the alleged illegal search, there was no material conflict in the evidence. Although it is a good practice to make findings of fact, if there is no material conflict in the evidence, it is not error to admit the evidence without making specific findings of fact. *State v. Phillips*, 300 N.C. 678, 268 S.E. 2d 452 (1980); *State v. Riddick*, 291 N.C. 399, 230 S.E. 2d 506 (1976), *rehearing denied*, 293 N.C. 261, 247 S.E. 2d 234 (1977).

[4] Defendant's next argument is that the trial court erred in allowing State's exhibits 1, 2, and 3 to be introduced into evidence as 4855, 33, and 1106 units of methaqualone. Defendant contends that since only three tablets were analyzed, the State did not prove that he possessed more than 5,000 tablets.

Mr. McSwain, the forensic chemistry expert, testified that each bag contained uniform, identical tablets, although the tablets in Exhibit 2 were unlike the tablets in Exhibits 1 and 3. He testified that he randomly selected the tablets he tested, and they were methaqualone. When a random sample from a quantity of tablets or capsules identical in appearance is analyzed and is found to contain contraband, the entire quantity may be introduced as the contraband. For example, in *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970), the fact that several capsules, selected randomly out of more than 100 capsules, which were identical in appearance, were found to contain barbiturates, was sufficient evidence to establish that defendant possessed over 100 barbiturates.

We have carefully reviewed defendant's assignments of error and find no error.

No error.

Judges WEBB and WELLS concur.