STATE OF NORTH CAROLINA v. ROBERT J. CASTLEBERRY

No. 8414SC390

(Filed 5 March 1985)

1. Criminal Law §§ 85, 117.3— State's witnesses—court reading plea agreements to jury—other offenses by defendant—harmless error

The trial court erred in reading to the jury the text of plea agreements between the State and two witnesses for the State where the agreements mentioned other charges pending against defendant in addition to the charges for which he was being tried and thus tended to impeach defendant's character when defendant's character was not in issue. However, such evidence was not prejudicial to defendant in light of the State's overwhelming evidence of defendant's guilt of the offenses charged.

2. Criminal Law § 138— improper aggravating factor—offenses committed against deputy clerk

The trial court erred in finding as a factor in aggravation of two subornation of perjury offenses that the offenses were committed against a deputy clerk of court while engaged in the performance of her official duties, G.S. 15A-1340.4(a)(1)(e), where the deputy clerk was not the victim of either offense and evidence in support of the finding was used to support an element of each offense.

APPEAL by defendant from *Johnson, Judge.* Judgment entered 6 October 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 14 January 1985.

Defendant was indicted on charges of conspiracy to obtain property by false pretenses, obtaining property by false pretenses and two counts of subornation of perjury. A jury found defendant guilty of all four offenses and he received the maximum sentence for each, totaling 33 years.

Only the State presented evidence. Summarized, it tended to show the following:

Barbara Hansen was a licensed notary public who knew defendant. In January of 1983, defendant and Deborah Riggsbee went to Ms. Hansen's home where defendant produced a document which he identified as the will of his brother. Defendant indicated that his brother, E. R. Castleberry, had died earlier without properly executing his will. Defendant was the sole beneficiary under the purported will. He asked Ms. Hansen to notarize Ms. Riggsbee's signature as a witness to the will and to

backdate the notarization by approximately one year, to January 1982. After Ms. Hansen did as defendant directed, defendant applied Ms. Hansen's seal twice more to the document and paid her $100.00, though no fee had been discussed. The document was entered in evidence below but is not before us.

Later in January 1983, defendant asked Ms. Hansen, who lived in Raleigh, to accompany him to Durham for the purpose of proving the will that she had notarized. They met Ms. Riggsbee and went to the office of the Clerk of Superior Court of Durham County, where the will had been submitted to probate. There, before Deputy Clerk Linda Cole, Ms. Riggsbee swore that she had witnessed the will of E. R. Castleberry. Ms. Hansen similarly swore that she witnessed the execution of the will and notarized it. Both women indicated at trial that they were acting pursuant to instructions from defendant.

Other evidence from the State indicated that Ms. Riggsbee was acquainted with E. R. Castleberry prior to his death and that she had met defendant at the funeral. Defendant took her shopping, bought her a coat and made a $220.00 house payment for her because, he indicated, his dead brother would have wanted him to. After the will had been notarized and backdated at Ms. Hansen's house, defendant asked Ms. Riggsbee if she wanted his brother's car.

Ms. Hansen had not known defendant a long time and did not know him well. She testified that on a previous occasion she had notarized for him a document purporting to be the will of John Robertson. Defendant told Ms. Hansen that Robertson was an invalid he and his wife were caring for. Defendant's wife was named as a beneficiary in that will. Though she notarized the document as defendant directed, she had not, in fact, witnessed its execution. Defendant paid her $100.00.

At trial the signature on the will purporting to be that of E. R. Castleberry was compared with other documents known to have been signed by him. In the opinion of an expert witness for the State, the signature on the will could not be identified as that of E. R. Castleberry and showed signs of having been forged.

Ms. Hansen and Ms. Riggsbee both testified for the State. At the close of Ms. Hansen's testimony, she indicated that she had

been charged in connection with the apparent will forgery and admitted that she was testifying pursuant to an agreement with the State concerning those charges. At that point, the court, on its own motion, read the text of Ms. Hansen's agreement with the State to the jury. As read by the court, that agreement provided in part as follows:

> "[T]he State has agreed to charge reductions and sentence concessions in the above-captioned matter," that is, the matter pending against Mrs. Hansen "in consideration for the defendant's truthful testimony in the trial of all pending matters in Durham County and Wake County wherein Robert J. Castleberry is charged in Bills of Indictment involving the deaths and estates of Ernest R. Castleberry, Sr., Ernest R. Castleberry, Jr., and John A. Robertson. Upon the truthful testimony of the defendant, Barbara N. Hansen, as aforesaid, the State will dismiss the felonies of conspiracy to obtain or attempt to obtain property by false pretense . . . and obtaining or attempting to obtain property by false pretense and will accept a plea of guilty to perjury on her oath and affidavit pursuant to law before the Clerk of the Superior Court of Durham County in the matter of the estate of Ernest R. Castleberry, Sr., and will recommend to the Court as part of a plea agreement, that Barbara N. Hansen receive a suspended sentence and be placed on supervised probation."

Defendant immediately moved for a mistrial which was denied by the trial court.

Deborah Riggsbee also admitted on direct examination that she was testifying pursuant to a plea bargain with the State. The trial court read to the jury the text of the agreement, substantially similar to Ms. Hansen's. Defendant again moved for a mistrial which the trial court also denied.

Defendant presented no evidence. The jury returned guilty verdicts on all four charges. Defendant appealed from the judgment imposing sentence on the verdicts.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Assistant Appellate Defender David W. Dorey, for defendant-appellant.*

EAGLES, Judge.

Defendant noted numerous exceptions and made thirteen assignments of error. However, he brings forward on appeal only two of those assignments. Pursuant to N.C. App. R. 28(b)(5), we deem the remainder of his assignments of error to be abandoned.

[1] Defendant first assigns error to the trial court's denial of his motions for mistrial after the text of the plea agreements between the State and witnesses Hansen and Riggsbee were read to the jury by the court. He argues that this was error because the text of the agreements was highly prejudicial to him. He contends that the jury could have been told of the agreements, if necessary, without being made aware of the nature of the other charges pending against him. Defendant contends that this was prejudicial. He argues that the jury would deduce from the plea agreements that defendant had been charged in connection with the death of the person of whose estate he was the sole beneficiary and therefore would be more inclined to conclude that he had procured the forging of the document by which he was made the sole beneficiary — the essence of the offenses for which he was then on trial.

While we agree that in reading the full text of the agreement the court acted improperly, we find that the error was not prejudicial in this case. As defendant points out, it is error to allow a criminal defendant's character to be impeached by evidence of indictments or other accusations of misconduct because " 'an indictment is a mere accusation and raises no presumption of guilt.' " *State v. Williams*, 279 N.C. 663, 673, 185 S.E. 2d 174, 180 (1971), *quoting People v. Morrison*, 195 N.Y. 116, 117, 88 N.E. 21, 22 (1909); *State v. Shane*, 304 N.C. 643, 285 S.E. 2d 813 (1982), *cert. denied*, --- U.S. ---, 104 S.Ct. 1604 (1984).

That error is compounded when a trial judge on his own motion provides impeaching evidence when the defendant's character was not in issue. *See* G.S. 15A-1222; *State v. Miller*, 271

N.C. 646, 157 S.E. 2d 335 (1967) (improper for prosecution to comment on defendant's character when it was not in issue); *State v. Wilhelm*, 59 N.C. App. 298, 296 S.E. 2d 664 (1982), *rev. denied*, 307 N.C. 702, 301 S.E. 2d 395 (1983) (judge may not express opinion).

Here, however, the agreements were read by the trial judge for the purpose of proving that the witnesses were testifying pursuant to agreements with the State. The evidence is admissible for that purpose even though it incidentally tends to impeach defendant's character. *State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978). *See generally*, Brandis *N.C. Evidence* Section 104 (1982 and Supp. 1983).

If this evidence had been offered by the defendant or by the State, it would not have been error to allow it. Ordinarily it is in the defendant's interest to show that a witness against him is testifying pursuant to an agreement with the State and to disclose the terms of the bargain because such evidence tends to impeach the witness. In some cases the State may wish to make the jury aware of the specific terms of the plea bargain. G.S. 15A-1054 requires the State to disclose to the defendant whether prosecution witnesses are testifying pursuant to an agreement with the State. G.S. 15A-1052 requires the court to disclose to the jury whether a prosecution witness is testifying under immunity. Although G.S. 15A-1054 is the statute applicable here, neither statute requires the court to disclose the specific terms of a plea bargain to the jury. *State v. Hardy*, 293 N.C. 105, 235 S.E. 2d 828 (1977). Our statutes leave that decision to the parties. When the court, acting on its own motion, removes that decision from the parties, there is the potential for prejudicial reversible error to occur.

In some cases, such an error could require a new trial. Here, however, the error is not prejudicial and defendant does not persuasively argue otherwise. The State presented competent, first-hand testimony of two witnesses who participated in and directly observed defendant doing the acts he was accused of. Their testimony was not disputed and contained no substantial internal conflicts. Defendant has not demonstrated that the jury's verdict was influenced by the trial court's error and we cannot perceive, on the facts of this case, how the error could have prejudiced defendant. The trial court's action, if it was error, did not in-

fluence the jury; no prejudice requiring a new trial has been shown. *State v. Murvin*, 304 N.C. 523, 284 S.E. 2d 289 (1981). Defendant's contention is without merit. Though it does not affect our decision on this point, we note that defendant on appeal does not challenge the sufficiency of the evidence to support the jury's verdict.

[2] Defendant next assigns error to the trial court's finding as a factor in aggravation of his punishment that the subornation of perjury offenses were "committed against a present or former . . . clerk or assistant or deputy clerk of court . . . while engaged in the performance of [her] official duties." This is a statutory aggravating factor. G.S. 15A-1340.4(a)(1)(e). Defendant argues that this finding, made as to both of the subornation of perjury charges was erroneous because neither offense was committed against the deputy clerk and because the evidence in support of the finding was used to support an element of the offense. We agree with defendant.

The intended application of this statutory factor, as defendant points out, is apparent from its language: to allow for aggravation of punishment when the victim of a criminal offense was a public official or a private citizen involved in the administration of justice or public safety. While the present offense clearly involved the deputy clerk, she was not the victim of the crime and the aggravating factor found by the court would not apply.

Further, even if that factor could be found to apply on these facts, it would have been error for the court to so find. Proving that an oath was duly administered is necessary for establishing perjury or subornation of perjury. Since the State in this case proved that the deputy clerk administered the oath to Ms. Hansen and Ms. Riggsbee, it could not use the same evidence to prove that defendant had committed the offense against the clerk. *State v. Morris*, 59 N.C. App. 157, 296 S.E. 2d 309 (1982), *rev. denied and appeal dismissed*, 307 N.C. 471, 299 S.E. 2d 227 (1983).

In the guilt phase of defendant's trial we find no error. Since the court erroneously found as an aggravating factor that the offense was committed against the deputy clerk of court, the case must be remanded for resentencing.

No error in the trial; remanded for resentencing.

Judges WEBB and COZORT concur.