STATE OF NORTH CAROLINA v. TIMOTHY DANIEL LOCKLEAR

No. COA 04-1621

(Filed 15 November 2005)

**1. Criminal Law— judgment out of term—failure to set forth formal order in minutes—sufficiency of statements to extend court session**

The trial court did not err in a second-degree sexual offense case by entering its judgment out of term, because: (1) although the record does not contain a written order specifically referencing N.C. Gen. Stat. § 15-167 and stating that the session was extended thereunder, there are sufficient statements made by the trial court in the record to comply with N.C. Gen. Stat. § 15-167 and to effectively extend the court session; and (2) while the better practice for the trial court would have been to expressly set forth in the minutes a formal order extending the court session, the trial court, in making repeated announcements in open court without objection from defendant, satisfied N.C. Gen. Stat. § 15-167.

**2. Evidence— prior crimes or bad acts—sexual harassment of other inmates**

The trial court did not commit plain error in a second-degree sexual offense case by admitting testimony that defendant had sexually harassed other inmates in the Brunswick County jail, because: (1) defendant failed to show that the jury probably would have reached a different result had the evidence of prior bad acts not been admitted; and (2) the jury's failure to find an additional element of first degree sexual offense does not in itself show that the jury doubted that defendant engaged in a sexual act with the victim by force and against the victim's will.

Appeal by defendant from judgment dated 12 July 2004 by Judge Jack W. Jenkins in Superior Court, Brunswick County. Heard in the Court of Appeals 14 September 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel S. Johnson, for the State.*

*Jeffrey Evan Noecker for defendant.*

McGEE, Judge.

Timothy Daniel Locklear (defendant) was convicted of second-degree sexual offense and was sentenced to a minimum term of 168 months in prison, to begin at the expiration of the sentences defendant was serving at the date of trial.

The State's evidence at trial tended to show that on 5 September 2003, defendant was incarcerated in the Brunswick County jail. Defendant was moved into a cell occupied by Joshua Zack (Zack), James Rash (Rash), and two other inmates. Zack slept on a mat on the cell floor and defendant slept in a bunk bed. During the evening of 5 September 2003, while the other cellmates were sleeping, defendant invited Zack onto defendant's bed. Zack and defendant sat on defendant's bed drawing with a pencil.

Zack testified that defendant pressed the pencil behind Zack's right ear and demanded that Zack perform oral sex on defendant. Zack complied. Defendant also had anal sex with Zack, after which Zack got down from the bunk and struck defendant in the mouth. A fist fight ensued, and the other cellmates awoke. Defendant told Zack not to tell anyone about what had occurred. Zack reported the incident to a prison guard two days later.

Rash testified that on 5 September 2003, he shared a cell with defendant and Zack. Rash awoke during a fight between defendant and Zack. Rash heard Zack say "[n]o" and noticed that Zack's pants were down. Rash testified that he heard defendant tell Zack that if Zack "said anything about what [had] happened that [defendant would] kill [Zack]." Rash later heard defendant brag about raping Zack. Rash also testified that he had seen defendant harass another young inmate by pulling down that inmate's pants.

After the assault was reported, Zack was removed from the cell and James Burriss (Burriss) took Zack's place. Burriss testified that defendant bragged about using a pencil to force Zack to engage in sexual acts. Burriss also testified that defendant forced an inmate who was "not very mentally stable" to dance naked on a table.

Benny Narem (Narem), another inmate, heard defendant on 6 September 2003 brag about "rap[ing] the guy . . . named Zack" and forcing Zack to perform oral sex. Narem also testified that he had seen defendant harass the same young inmate to whom Rash had referred. Narem saw defendant touch the young inmate in a sexual manner.

STATE v. LOCKLEAR

[174 N.C. App. 547 (2005)]

Defendant testified that on 5 September 2003 Zack offered to perform oral sex on defendant. Defendant described the fight between himself and Zack as a fight over Zack not paying for some cookies. Defendant denied using force or a pencil against Zack and denied having anal sex. On cross-examination, defendant admitted making several false statements to the investigating detective and admitted to prior criminal convictions.

I.

[1] Defendant's first assignment of error is that the trial court entered its judgment out of term. Defendant argues that the trial court failed to enter an order extending court after the session was scheduled to expire on 9 July 2004. As a result, defendant argues, the judgment is null and void and must be vacated. We disagree.

A trial court's extension of a session of court is governed by N.C. Gen. Stat. § 15-167 (2003), which provides:

> Whenever a trial for a felony is in progress on the last Friday of any session of court and it appears to the trial judge that it is unlikely that such trial can be completed before 5:00 P.M. on such Friday, the trial judge may extend the session[.] . . . Whenever a trial judge continues a session pursuant to this section, *he shall cause an order to such effect to be entered in the minutes,* which order may be entered at such time as the judge directs, either before or after he has extended the session.

N.C.G.S. § 15-167 (emphasis added).

In *State v. Harris,* 181 N.C. 600, 107 S.E. 466 (1921), our Supreme Court addressed what a trial court must do to issue an order "continuing the trial of the cause after the expiration of the term by limitation."[1] *Harris,* 181 N.C. at 607, 107 S.E. at 469. The Supreme Court determined that "the statute was complied with by the daily entries on the docket: 'Pending the trial of the case of *S. v. J.T. Harris,* the court takes a recess until 9:30 tomorrow,' and the entry next day,

---

1. *Harris* was decided under section 4637 of the Consolidated Statutes of 1919, which provided:

In case the term of a court shall expire while a trial for felony shall be in progress and before a judgment shall be given therein, the judge shall continue the term as long as in his opinion it shall be necessary for the purposes of the case, and he may in his discretion exercise the same power in the trial in any cause in the same circumstances except civil actions begun after Thursday of the last week. *Harris,* 181 N.C. at 607, 107 S.E. at 469 (quoting C.S. 4637).

'Court convened at 9:30 a.m. pursuant to recess,' etc., in regular form." *Id.* at 607, 107 S.E. at 470.

In this case, the felony trial was not completed on Friday, 9 July 2004. The record does not contain a written order specifically referencing N.C. Gen. Stat. § 15-167 and stating that the session was extended thereunder. However, there are sufficient statements made by the trial court in the record to comply with N.C. Gen. Stat. § 15-167 and to effectively extend the court session. The trial court had several discussions with counsel and the jury in open court, in which the trial court clearly referenced the extension of the session. The transcript from Friday, 9 July 2004, reads in pertinent part:

> THE COURT: . . . It is Friday afternoon, after three o'clock[.] . . . So, in my discretion, and I do apologize that you will need to come back on Monday, but, in my discretion, I'm going to let you go for the day but you will need to be back here on Monday. Now, on Mondays, we don't start at 9:30. We start at 10:00. And what will happen on Monday, that should be the last day, one way or the other in this case. But, as I told you at the outset, I can't make any guarantees, one way or the other, but you do need to be here Monday. You do need to be here at 10:00 o'clock. . . . As I indicated, please be mindful that the starting time on Monday is 10:00 instead of 9:30. When you come back on Monday, I ask that you come back to the same room that you've been coming back to.
>
> . . . .
>
> THE COURT: It will give you an opportunity over the weekend to look at it to just make sure there's no error, omission or anything else that we need to clarify Monday morning. . . . Anything else we need to take up today? State or Defendant?
>
> [THE STATE]: No, Your Honor.
>
> [DEFENSE]: No, Your Honor.
>
> THE COURT: All right then, as I understand it, Monday morning we will basically conclude the charge conference and at that time move forward.
>
> . . . .
>
> THE COURT: . . . Anything else we need to take up at this time?
>
> [THE STATE]: No, Your Honor.

[DEFENSE]: No, sir.

THE COURT: All right, have a good weekend and I'll see you Monday.

(Court is recessed for the day at 4:00 p.m.)

The trial court reconvened the following Monday at 10:00 a.m. The transcript from Monday, 12 July 2004, reads in part:

(July 12, 2004—10:00 a.m.)

THE COURT: Good morning. Let the record reflect we are back in court. Twelve members of the jury are here but they are not in the courtroom.

. . . .

THE COURT: All right. The charge conference is closed. Are there any other issues to take up on the record at this time before we proceed with closing arguments? Anything from the State?

[THE STATE]: No, sir.

THE COURT: Anything from the Defendant?

[DEFENSE]: No, Your Honor.

While it would have been the better practice for the trial court to expressly set forth in the minutes a formal order extending the court session, we hold that the trial court, in making repeated announcements in open court without objection from defendant, satisfied N.C. Gen. Stat. § 15-167. This assignment of error is overruled.

II.

[2] In his next assignment of error, defendant argues that the trial court erred in admitting testimony that defendant had sexually harassed other inmates in the Brunswick County jail. Defendant argues that the testimony was improperly admitted as evidence of defendant's character, in violation of N.C. Gen. Stat. § 8C-1, Rule 404(a), and that the State never recited the purpose for which it was seeking to have the evidence admitted, in violation of N.C. Gen. Stat. § 8C-1, Rule 404(b). North Carolina Rule of Evidence 402 provides, in pertinent part, that "[a]ll relevant evidence is admissible" and that "[e]vidence which is not relevant is not admissible." N.C. Gen. Stat. § 8C-1, Rule 402 (2003). Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2003). Rule 403 limits the admission of relevant evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2003).

Rule 404(a) provides that "[e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion[.]" N.C. Gen. Stat. § 8C-1, Rule 404(a) (2003). Rule 404(b) continues:

> (b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment, or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003).

"We have held that Rule 404(b) is a rule of inclusion, subject to the single exception that such evidence must be excluded if its *only* probative value is to show that [the] defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Berry,* 356 N.C. 490, 505, 573 S.E.2d 132, 143 (2002). The list of purposes in the second sentence of subsection (b) of Rule 404 is neither exclusive nor exhaustive. *State v. Morgan,* 315 N.C. 626, 637 n. 2, 340 S.E.2d 84, 91 n. 2 (1986).

At trial, defendant did not object to the evidence of prior acts. Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure states, in part, that "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion[.]" N.C.R. App. P. 10(b)(1). Where a defendant does not object at trial, our review of this issue is limited to plain error. *See* N.C.R. App. P. 10(c)(4). Our Supreme Court has stated that

> [p]lain error includes error that is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done; or grave error that amounts to a denial of a fundamental right of the accused; or error that has resulted in a miscarriage of justice or in the denial to appellant of a fair trial.

*State v. Gregory*, 342 N.C. 580, 586, 467 S.E.2d 28, 32 (1996) (citing *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)). Under this standard, a "defendant is entitled to a new trial only if the error was so fundamental that, absent the error, the jury probably would have reached a different result." *State v. Jones*, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002).

In this case, defendant fails to show that the jury probably would have reached a different result had the evidence of prior bad acts not been admitted. Defendant argues that the jury's acquittal of defendant on the original charge of first degree sexual offense shows that the jury had some reservations about defendant's guilt, and that the evidence of prior acts unfairly influenced the jury's result. We are not persuaded. Defendant was convicted of second-degree sexual offense under N.C. Gen. Stat. § 14-27.5. To find defendant guilty of this offense, the jury found beyond a reasonable doubt that defendant "engage[d] in a sexual act with another person . . . [b]y force and against the will of the other person[.]" N.C. Gen. Stat. § 14-27.5 (2003). To find defendant guilty of the original charge of first degree sexual offense, the jury must have found the additional element that defendant

    a. Employ[ed] or display[ed] a dangerous or deadly weapon or an article which the other person reasonably believe[d] to be a dangerous or deadly weapon; or

    b. Inflict[ed] serious personal injury upon the victim or another person; or

    c. . . . commit[ted] the offense aided and abetted by one or more other persons.

N.C. Gen. Stat. § 14-27.4 (2003).

The jury's failure to find an additional element of first degree sexual offense does not in itself show that the jury doubted that defendant engaged in a sexual act with Zack by force and against Zack's will. The State presented substantial evidence of defendant's guilt through the testimony of Rash, who was present in the cell at the time of the assault. Rash testified that he heard Zack say "[n]o" and saw the fight between defendant and Zack, whose pants were down. Rash heard defendant threaten to kill Zack if Zack said anything, and later heard defendant brag about raping Zack. This testimony was corroborated by Burriss and Narem, who also heard defendant bragging about the sexual assault. In light of the evidence of defendant's guilt presented

at trial, we hold the trial court did not commit plain error in admitting evidence of defendant's prior acts. *See State v. Perkins*, 154 N.C. App. 148, 571 S.E.2d 645 (2002).

Defendant argues in the alternative that the testimony should have been excluded because the trial court never performed the requisite balancing test under N.C. Gen. Stat. § 8C-1, Rule 403. Rule 403 permits a trial court to exclude relevant evidence when "its probative value is substantially outweighed by the danger of unfair prejudice[.]" N.C.G.S. § 8C-1, Rule 403. Since all evidence against a defendant is necessarily prejudicial, evidence may only be excluded when it is *unfairly* prejudicial. *See State v. Mercer*, 317 N.C. 87, 94-95, 343 S.E.2d 885, 889-90 (1986). Again, defendant fails to show that the jury probably would have reached a different result had the evidence of prior bad acts not been admitted. Accordingly, we find no plain error.

Defendant presented no argument on his remaining assignments of error and they are therefore abandoned. N.C.R. App. P. 28(b)(6).

No prejudicial error.

Judges McCULLOUGH and JACKSON concur.