ZACHARY, Judge.
 

 *758
 
 Where the analysis of one pill, and visual comparison of the others, constituted sufficient evidence of their contents, the trial court did not err in declining to instruct the jury on lesser included conspiracy charges. Where the trial court substantially complied with N.C. Gen.Stat. § 15-167, it properly extended the court session and had jurisdiction to enter judgment upon defendant.
 

 I. Factual and Procedural Background
 

 In late 2011, Tamika Packer approached Marty Allan Lewis (defendant), Chief of Police of Fair Bluff, North Carolina, and asked him if he could get her twenty pain pills. Defendant received $160 from Packer and contacted James Scott, a drug dealer, from whom he purchased the pills. Defendant
 
 *148
 
 then delivered them to Packer. Defendant was involved in multiple such transactions.
 

 On 8 May 2012, Packer was confronted by SBI agents Adrienne Harvey and Kellie Farrell, who claimed to know everything about defendant and the pills. Through Packer, the agents set up a controlled purchase. Packer met with defendant and gave him money. Later that afternoon, they met again and defendant gave Packer twenty pills. Investigators arrested defendant and Scott and executed search warrants of their persons at the Fair Bluff police station and of defendant's and Scott's residences.
 

 On 9 May 2012, defendant was indicted for conspiracy to traffic an opiate derivative and/or compound, conspiracy to traffic cocaine, sale and delivery of a Schedule II substance, possession with intent to sell and deliver a Schedule II substance, and possession of cocaine. Prior to trial, the State dismissed the conspiracy to traffic cocaine charge.
 

 On 1 October 2014, the jury found defendant guilty of conspiracy to traffic 14 grams or more but less than 28 grams of opiates, sale or
 
 *759
 
 delivery of oxycodone, and possession with intent to sell or deliver oxycodone, and not guilty of possession of cocaine. The trial court arrested judgment on the convictions for sale or delivery of oxycodone and possession with intent to sell or deliver oxycodone. The trial court sentenced defendant to an active term of 90-117 months of imprisonment.
 

 Defendant entered oral notice of appeal.
 

 II. Lesser Included Charges
 

 In his first argument, defendant contends that the trial court erred in denying his request to instruct the jury on all lesser included conspiracy charges. We disagree.
 

 A. Standard of Review
 

 It is well established that "[arguments] challenging the trial court's decisions regarding jury instructions are reviewed
 
 de novo
 
 by this Court."
 
 State v. Osorio,
 

 196 N.C.App. 458
 
 , 466,
 
 675 S.E.2d 144
 
 , 149 (2009). "The prime purpose of a court's charge to the jury is the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law arising on the evidence."
 
 State v. Cameron,
 

 284 N.C. 165
 
 , 171,
 
 200 S.E.2d 186
 
 , 191 (1973),
 
 cert. denied,
 

 418 U.S. 905
 
 ,
 
 94 S.Ct. 3195
 
 ,
 
 41 L.Ed.2d 1153
 
 (1974). "[A] trial judge should not give instructions to the jury which are not supported by the evidence produced at the trial."
 

 Id.
 

 B. Analysis
 

 Defendant was found guilty of, among other charges, conspiracy to traffic 14 grams or more but less than 28 grams of opiates. Police seized twenty pills during the controlled purchase from defendant, weighing 17.63 grams total. The State's expert analyzed one of these pills, and determined that it contained oxycodone, a Schedule II opium derivative, with a net weight of 0.88 grams. The expert visually examined the remaining nineteen pills, with a net weight of 16.75 grams, and found them to have "the same similar size, shape and form as well as the same imprint on each of them." In short, the expert visually determined that the remaining nineteen pills were consistent with the one that was tested.
 

 At trial, defense counsel requested instructions on all lesser included conspiracy to traffic charges, alleging that the visual examination was insufficient to establish precisely how much opium derivative was present in the seized pills. The trial court denied this request. On appeal, defendant contends that because the evidence did not clearly establish the amount of opium derivative present in the pills, the jury was entitled to instructions on all lesser included conspiracy charges.
 

 *760
 
 Our courts have consistently held that a trial court is not required to instruct the jury on all lesser included charges when the evidence clearly demonstrates that defendant committed the crime charged.
 
 See
 

 State v. Summitt,
 

 301 N.C. 591
 
 , 596,
 
 273 S.E.2d 425
 
 , 427,
 
 cert. denied,
 

 451 U.S. 970
 
 ,
 
 101 S.Ct. 2048
 
 ,
 
 68 L.Ed.2d 349
 
 (1981) ;
 
 State v. Myers,
 

 61 N.C.App. 554
 
 , 556,
 
 301 S.E.2d 401
 
 , 403 (1983)
 
 cert. denied,
 

 311 N.C. 767
 
 ,
 
 321 S.E.2d 153
 
 (1984). In the instant case, defendant does not challenge the evidence supporting the fact that he was trafficking in opium derivative; rather, defendant challenges the
 
 *149
 
 sufficiency of the expert's analysis as to precisely how much opium derivative was present.
 

 We find that the facts of this case parallel those of
 
 State v. Wilhelm,
 

 59 N.C.App. 298
 
 ,
 
 296 S.E.2d 664
 
 (1982). In
 
 Wilhelm,
 
 the defendant was convicted of trafficking in methaqualone. On appeal, defendant challenged the trial court's decision to allow evidence that the defendant possessed more than five thousand tablets of methaqualone, when the State's analyst tested only three of the pills.
 
 Id.
 
 at 303,
 
 296 S.E.2d at 667
 
 . We upheld the lower court's decision, holding that "[w]hen a random sample from a quantity of tablets or capsules identical in appearance is analyzed and found to contain contraband, the entire quantity may be introduced as the contraband."
 

 Id.
 

 Our Supreme Court has since held that, in trafficking cases, "[a] chemical analysis of each individual tablet is not necessary.... A chemical analysis is required in this context, but its scope may be dictated by whatever sample is sufficient to make a reliable determination of the chemical composition of the batch of evidence under consideration."
 
 State v. Ward,
 

 364 N.C. 133
 
 , 148,
 
 694 S.E.2d 738
 
 , 747 (2010).
 

 In
 
 Wilhelm,
 
 this Court held that testing three out of five thousand tablets-a sample size approximately 0.06% of the whole-was sufficient to establish the chemical composition of the entire batch. In the instant case, one of the twenty-5%, by comparison-was tested. In accordance with the precedent established in
 
 Wilhelm
 
 and
 
 Ward,
 
 we conclude that it was not necessary to test every tablet, and that, upon establishing the chemical composition of a sufficient sample, and visually confirming that the remaining pills were similar, the State's analyst satisfied the evidentiary burden upon the State to determine the quantity of opium derivative in the pills. As such, the evidence was sufficient to support the charge of conspiracy to traffic 14 grams or more but less than 28 grams of opiates, and the trial court did not err in declining to instruct on lesser included conspiracy charges.
 

 This argument is overruled.
 

 *761
 

 III. Failure to Extend Session
 

 In his second argument, defendant contends that the trial court lacked jurisdiction to enter judgment because the court failed to properly extend its session to the following week. We disagree.
 

 A. Standard of Review
 

 "This Court also reviews challenges to the jurisdiction of the trial court under a
 
 de novo
 
 standard."
 
 State v. Wainwright,
 
 ---N.C.App. ----, ----,
 
 770 S.E.2d 99
 
 , 102 (2015) (citing
 
 McKoy v. McKoy,
 

 202 N.C.App. 509
 
 , 511,
 
 689 S.E.2d 590
 
 , 592 (2010) ).
 

 B. Analysis
 

 This trial began on a Monday. After the State rested on the following Friday, the trial court announced that it would be in recess until the following Tuesday. Court resumed on Tuesday, and defendant was convicted and sentenced the following Wednesday.
 

 Defendant contends, however, that N.C. Gen.Stat. § 15-167 only permits the trial court to extend a felony trial from one session of court to a succeeding Sunday or Monday. N.C. Gen.Stat. § 15-167 provides that, if it appears that a trial will not be complete by the end of Friday afternoon, the trial judge "may recess court on Friday or Saturday ... to such time on the succeeding Sunday or Monday as, in his discretion, he deems wise." N.C. Gen.Stat. § 15-167 (2013). The statute further provides that, when the trial court extends the session, the judge "shall cause an order to such effect to be entered in the minutes, which order may be entered at such time as the judge directs, either before or after he has extended the session."
 

 Id.
 

 In
 
 State v. Hunt,
 

 198 N.C.App. 488
 
 ,
 
 680 S.E.2d 720
 
 (2009), the defendant appealed from a conviction, asserting that the trial court failed to enter the requisite formal written order extending the session. In that case, the trial judge advised the parties that he doubted the matter would be resolved by Friday and that he might have to extend the session. On Friday, the trial judge verbally announced that the court would be in recess
 
 *150
 
 until Monday morning.
 
 Id.
 
 at 494,
 
 680 S.E.2d at 724
 
 . On appeal, we held that, given that "the trial court repeatedly announced that it was recessing court, with no objection by Defendant[,]" the argument lacked merit, and "the [lower] court sufficiently complied with N.C. Gen.Stat. § 15-167."
 
 Id.
 
 at 495,
 
 680 S.E.2d at 724-25
 
 . Similarly, in
 
 State v. Locklear,
 
 we held that, despite not strictly complying with the statute, the trial court's numerous announcements in open court about extending the
 
 *762
 
 session, without objection from defendant, sufficiently complied with N.C. Gen.Stat. § 15-167.
 
 State v. Locklear,
 

 174 N.C.App. 547
 
 , 551,
 
 621 S.E.2d 254
 
 , 257 (2005).
 

 In the instant case, prior to the beginning of trial, the trial judge informed the jury that he would be recessing trial on Monday due to a prior obligation. Defendant did not object to this announcement. Prior to dismissing the jurors after the Friday afternoon session, the trial judge again informed them, in the presence of defendant and defense counsel, that court would be in recess until Tuesday, due to his Monday obligation. Again, defendant offered no objection. When the court reconvened on Tuesday, defendant again raised no objection.
 

 As did the defendants in
 
 Hunt
 
 and
 
 Locklear,
 
 defendant had advance notice of the recess and was given ample opportunity to object. We find this case analogous to
 
 Hunt
 
 and
 
 Locklear,
 
 and hold that the trial court in the instant case sufficiently complied with N.C. Gen.Stat. § 15-167 and properly extended the court session. As such, the trial court had jurisdiction to enter judgment upon defendant.
 

 This argument is without merit.
 

 NO ERROR.
 

 Judges BRYANT and CALABRIA concur.