IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-330

 Filed: 3 December 2019

Mecklenburg County, Nos. 16 CRS 215686, 16 CRS 215688, 18 CRS 2802

STATE OF NORTH CAROLINA

 v.

DEJAUN EVANS, Defendant.

 Appeal by Defendant from judgements entered 21 August 2018 by Judge

Athena F. Brooks in Mecklenburg County Superior Court. Heard in the Court of

Appeals 16 October 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Derek L.
 Hunter, for the State.

 Law Office of Kellie Mannette, PLLC, by Kellie Mannette, for Defendant-
 Appellant.

 INMAN, Judge.

 Dejaun Evans (“Defendant”) appeals from judgments entered upon jury

verdicts finding him guilty of robbery with a dangerous weapon, conspiracy to commit

robbery with a dangerous weapon, and possession of a firearm by a felon. On appeal,

Defendant contends that the trial court erred by: (1) failing to extend the session of

court in which his trial began, resulting in entry of judgment out of session and

without jurisdiction; and (2) responding to a question from the jury with a written

request for clarification read to the jury by the bailiff, in violation of criminal
 STATE V. EVANS

 Opinion of the Court

procedure statutes. After careful review, we hold that Defendant has failed to

demonstrate reversible error.

 I. FACTUAL AND PROCEDURAL HISTORY

 Defendant was arrested on 29 April 2016 by the Charlotte-Mecklenburg Police

Department in connection with a robbery after being identified in a photo lineup by

the victim. Defendant was indicted for robbery with a dangerous weapon and

conspiracy to commit robbery with a dangerous weapon on 9 May 2016. He was

initially tried on these charges in September of 2017; that trial ended in a mistrial

after the jury was unable to reach a unanimous verdict.

 Defendant’s second trial began on 15 August 2018 in Mecklenburg County, and

included an additional charge for possession of a firearm by a felon. Special Superior

Court Judge Athena Brooks presided over the trial pursuant to a commission

“begin[ning] August 15, 2018 and continu[ing] Three Days or until business is

completed.” Judge Brooks was also assigned by separate commission to hold court in

Mecklenburg County for the following week beginning 20 August 2018.1

 On 17 Friday 2018, at the conclusion of the third day of trial, Judge Brooks

called a weekend recess. Following the jury’s departure from the courtroom, the

 1 We take judicial notice of these commissions, which were included in an appendix to
Defendant’s brief and are relied upon by both parties in their arguments before this Court. See Baker
v. Varser, 239 N.C. 180, 186, 79 S.E.2d 757, 762-63 (1954) (taking judicial notice of a superior court
judge’s commission).

 -2-
 STATE V. EVANS

 Opinion of the Court

prosecutor asked if “it would be appropriate at this time to make findings why we’re

holding this session to next week[.]” Judge Brooks replied, “I have the commission

next week is—I have on the road commission.” The prosecutor concluded the

exchange by responding “Understood. I didn’t know if that had to be on the record.”

The trial resumed the following Monday, 20 August 2018, in a different courtroom

without any further comment on the weekend recess by the court or counsel.

 The State and Defendant rested their cases later that day and court recessed

for the evening. The next morning, Judge Brooks instructed the jury on the pertinent

law, which included the following instruction on photographic lineup evidence

consistent with the Eyewitness Identification Reform Act, N.C. Gen. Stat. §§ 15A-

284.50 et seq. (2019):

 THE COURT: . . . A photo lineup conducted by a local law
 enforcement agency is required to meet all of the following
 requirements:

 ....

 The photograph of the suspect shall be contemporaneous
 and, to the extent practicable, shall resemble the suspect’s
 appearance at the time of the offense.

Once Judge Brooks completed the instructions, the jury left the courtroom to begin

its deliberations in a jury room.

 Later the same day, the jury sent a written note to the trial court requesting:

(1) an opportunity to review a tape recording that had been entered into evidence; (2)

 -3-
 STATE V. EVANS

 Opinion of the Court

instruction on whether the jury was required to find Defendant guilty of all charges,

or if it could find Defendant not guilty as to some; (3) instruction on “[h]ow . . .

‘contemporary photo’ [is] defined by the court[;]” and (4) a copy of the jury

instructions. The trial court read each request aloud, and engaged in the following

discussion with the parties:

 THE COURT: All right. Number 3, I don’t understand. It
 says how is contemporary photo defined by the Court. I
 don’t know if that’s my accent that came out as
 contemporary or if the words got confused by the jury. I
 simply will need more information to answer that. Any
 position for the state?

 [THE PROSECUTOR]: The state would agree.

 THE COURT: Anything for the defendant?

 [DEFENDANT’S COUNSEL]: In the Eyewitness
 Identification Reform Act, it says contemporary photo.

 ....

 THE COURT: I just want to make sure it’s not my accent
 or my using the jury instruction. I just don’t know.

 ....

 [THE PROSECUTOR]: . . . I would say that based on the
 question, it could be what [Defendant’s counsel] is saying,
 it could be some other things, I would simply tell the jury
 that we’re unclear what their question is, if they could
 define it further and we could readdress it.

 THE COURT: Just to make sure that that’s what they’re
 talking about.

 -4-
 STATE V. EVANS

 Opinion of the Court

 [DEFENDANT’S COUNSEL]: Doesn’t the jury instruction
 say a contemporaneous photo album?

 ....

 THE COURT: Okay. It says contemporary.

 ....

 How is contemporary photo defined, I’m going to ask for a
 little more clarification as to that. I guess basically just
 ask them is it contemporary photo in regard to the lineup
 or something else just so I’ll know where the words come
 from. I mean, I don’t know how to get to that point other
 than flat out asking.

 [DEFENDANT’S COUNSEL]: Yeah. I think that’s the
 only—the word contemporary, I think, in this trial has only
 been used at any point one time, and that was during jury
 instruction. No one has said contemporary other than jury
 instruction, and that word only appears in the eyewitness
 identification.

 THE COURT: And if it comes back to that’s what it is, I’m
 going to tell them to use their normal understanding of the
 word.

 [DEFENDANT’S COUNSEL]: And could you ask them to
 rely on the evidence that was given at the trial?

 THE COURT: Yes, sir. I always do that.

The trial court also engaged in the following discussion concerning the request for a

copy of the jury instructions:

 THE COURT: . . . As opposed to giving them all of these
 [instructions], because there’s a lot of notes and stuff, I
 would ask them to say which one specifically are you
 requesting so that we can sanitize it out of the law that’s

 -5-
 STATE V. EVANS

 Opinion of the Court

 always in the footnotes and stuff before we give it to them.
 I don’t have a problem giving it to them, but . . . I’d rather
 give them one which conforms to the several that they’re
 specifically asking about.

 ....

 [DEFENDANT’S COUNSEL]: I would ask what—if they
 do want specific ones, and then ask—or do they want all of
 them, because they may want all of them.

 THE COURT: If they want all of them, I’m giving it.

 ....

 I’m going to ask them specifically which instruction or all.

 Having resolved to ask the jury to clarify these two questions, counsel and the

court turned their discussion to how to convey the request for clarification to the

jurors. Judge Brooks asked the bailiff to deliver the request by reading the jury a

written note, at which time the prosecutor asked for a bench conference. That

conference was held off the record. The recorded proceedings resumed as follows:

 THE COURT: I’m going to send this [written note2] back.
 And this will be part of the file. And you could ask these
 two questions in regard to three and four. Don’t engage in
 a colloquy back and forth. Just say the judge has these
 questions, I need an answer to these questions.

 THE DEPUTY: Got you.

 THE COURT: And read them only as they’re asked so we
 have them in the record what we’re reading.

 2 Judge Brooks’s note is included in the record, and reads: “(3) Contemporary photo as to line
up request or other. (4) Which instruction or all?”

 -6-
 STATE V. EVANS

 Opinion of the Court

....

THE DEPUTY: Right.

....

[DEFENDANT’S COUNSEL]: Your Honor should the
question be presented to them in court on the record as
opposed to –

THE COURT: The problem is, is if I ask them the question
in court, then they may have to communicate, and we can’t
be a part of their understanding. That’s why I was going
to go ahead in the jury room, because they may have to
have some conversation about which instruction, et cetera,
and I don’t want to be a part of that.

[DEFENDANT’S COUNSEL]: Can a deputy?

THE COURT: He is sworn since he’s with the jury. If they
start having colloquy, he knows to step out.

[DEFENDANT’S COUNSEL]: Well, that’s my
understanding.

THE COURT: And I don’t want him to be standing there
staring at them while they’re talking. If they have a
conversation, he’ll step out. It may be the answer is very
quick, it may be they need to communicate. If you’ll just
radio and remind them –

THE DEPUTY: Your Honor, the procedure is if you send a
note back, we’ll advise the judge wants you to answer these
questions, they’ll answer them and come back.

....

We would never ever listen to deliberations. Once this
starts, we’re out. I tell them we want to get out.

 -7-
 STATE V. EVANS

 Opinion of the Court

 The jury returned written answers to the court’s inquiry, apparently on the

same note they originally sent to the court, informing Judge Brooks that the jury was

requesting: (1) a definition of “contemporary photo . . . [a]s to line up requirements[;]”

and (2) “[i]nstructions for how a line up should be complied [sic] and the seven

elements of ‘Robbery with a firearm.’ ” With the clarifications in hand, and outside

the presence of the jury, Judge Brooks suggested proposed responses to each

request—neither counsel for the State nor Defendant objected. Judge Brooks called

the jury back into the courtroom and provided the additional instructions.

 The jury ultimately found Defendant guilty on all charges. The trial court

consolidated Defendant’s convictions for conspiracy and armed robbery and

sentenced him to 70 to 96 months imprisonment. The trial court imposed a second,

consecutive sentence of 12 to 24 months imprisonment for possession of a firearm by

a felon. In addition, the trial court assessed court costs and restitution in the total

amount of $1,738.99. Defendant entered written notice of appeal.

 II. ANALYSIS

A. Standard of Review

 Defendant’s assertion that the trial court failed to properly extend the session

in which the trial began implicates the trial court’s jurisdiction, a question we review

de novo. State v. Lewis, 243 N.C. App. 757, 761, 779 S.E.2d 147, 149 (2015). We apply

that same standard to Defendant’s argument that the trial court committed statutory

 -8-
 STATE V. EVANS

 Opinion of the Court

error in seeking clarification from the jury through a written note delivered by the

bailiff. See State v. Mackey, 209 NC App 116, 120, 708 S.E.2d 719, 721 (2011)

(“Alleged statutory errors are questions of law, and as such, are reviewed de novo.”

(citations omitted)).3

B. Session of Court

 Defendant first contends that the trial court failed to extend the session of

court in which his trial began, violating the rule against judgments entered out of

session. See State v. Boone, 310 N.C. 284, 288, 311 S.E.2d 552, 555 (1984) (holding

an order entered out of session was “null and void and of no legal effect” (citation

omitted)), superseded on other grounds as recognized by State v. Oates, 366 N.C. 264,

267, 732 S.E.2d 571, 574 (2012). We disagree.

 N.C. Gen. Stat. § 15-167 (2019) allows a trial judge to extend a session if a

felony trial is in progress on the last Friday of that session. Such an extension is

validly accomplished when the trial court announces a weekend recess in open court

without objection from the parties. State v. Locklear, 174 N.C. App. 547, 551, 621

S.E.2d 254, 257 (2005).

 3 Defendant assigns error only to the method by which the trial court’s clarifying request was
delivered to the jury; he does not contend that the contents of the request or the decision to seek
clarification were erroneous. Those issues would potentially be subject to different standards of
review, depending on the nature of the arguments presented. See, e.g., State v. Edwards, 239 N.C.
App. 391, 392-93, 768 S.E.2d 619, 620-21 (2015) (recognizing that some jury instruction challenges are
subject to the abuse of discretion standard while others are reviewed de novo).

 -9-
 STATE V. EVANS

 Opinion of the Court

 Judge Brooks announced the weekend recess without objection by the parties

and, consistent with Locklear, validly extended the session pursuant to N.C. Gen.

Stat. § 15-167. Although she was asked and declined to make explicit findings on the

record in support of that extension, her decision not to make those findings because

she would already be present in Mecklenburg County under a subsequent commission

does not constitute an “express[] refus[al] . . . to extend the session,” as argued by

Defendant. A decision not to make findings in support of a ruling is distinct from a

decision on the ruling itself. “Unless the contrary appears, it is presumed that

judicial acts and duties have been duly and regularly performed[,]” Hamlin v.

Hamlin, 302 N.C. 478, 486, 276 S.E.2d 381, 387 (1981) (citations omitted), and we

will not read the trial judge’s reference to her subsequent commission in declining to

make findings to support an extension of the session as an explicit refusal to extend

the session.

C. Note to the Jury

 Defendant next contends that the trial court, in seeking clarification on a jury

request through a message delivered by the bailiff, violated: (1) N.C. Gen. Stat. § 15A-

1234(a) (2019), which permits a judge to “[r]espond to an inquiry of the jury made in

open court” with further instruction; (2) N.C. Gen. Stat. § 15A-1234(d) (2019), which

requires that “[a]ll additional instructions . . . be given in open court[;]” and (3) N.C.

Gen. Stat. § 15A-1236(c) (2019), which provides that “[i]f the jurors are committed to

 - 10 -
 STATE V. EVANS

 Opinion of the Court

the charge of an officer, he must . . . not . . . permit any person to speak or otherwise

communicate with them on any subject connected with the trial nor . . . do so

himself[.]” Mere violation of these statutes is not enough for Defendant to prevail on

appeal, however, as he must also demonstrate prejudice. See, e.g., State v.

Thibodeaux, 341 N.C. 53, 62, 459 S.E.2d 501, 507 (1995) (requiring a defendant to

show prejudice to prevail on appeal for violation of N.C. Gen. Stat. § 15A-1236); State

v. Robinson, 160 N.C. App. 564, 568-69, 586 S.E.2d 534, 537 (2003) (applying the

prejudicial error standard to a violation of N.C. Gen. Stat. § 15A-1234).

 Assuming, arguendo, that Judge Brooks committed statutory error, Defendant

has failed to show prejudice. Defendant seeks to analogize his appeal to cases in

which the trial judge communicated to the jury only through the jury foreperson; in

those instances, our appellate courts have identified prejudice in the risk that the

foreperson would inaccurately recount the communication with the judge to the rest

of the jury. State v. Ashe, 314 N.C. 28, 37-38, 331 S.E.2d 652, 657-58 (1985); Robinson,

160 N.C. App. at 569, 586 S.E.2d at 537. Under our caselaw, however, no prejudice

results from messages relayed from the court to the jury by a bailiff where: (1) “the

record ‘affirmatively reveals exactly what the trial court intended to say to the . . .

jurors’ [through the bailiff] and there was ‘no indication that anything to the contrary

occurred[;]’ ” (2) there was “no objection from defendant[;]” and (3) “the

communications ‘[did] not relate to defendant’s guilt or innocence[,] . . . nor would

 - 11 -
 STATE V. EVANS

 Opinion of the Court

defendant’s presence have been useful to his defense[,]’ ” and thus were not “ ‘an

instruction as to the law’ outside the presence of a . . . defendant.” State v. Badgett,

361 N.C. 234, 254, 644 S.E.2d 206, 218 (2007) (quoting State v. Gay, 334 N.C. 467,

482, 434 S.E.2d 840, 848 (1993)). Although Badgett and Gay did not expressly analyze

messages to jurors from bailiffs under the statutes at issue in this appeal, we have

relied on them to determine whether reversible error arose in alleged violations of

N.C. Gen. Stat. §§ 15A-1234 and -1236. See State v. Corum, 176 N.C. App. 150, 157-

58, 625 S.E.2d 889, 894 (2006) (holding, based on Gay, that the defendant failed to

show reversible error for violations of N.C. Gen. Stat. §§ 15A-1234 and -1236 when

the trial court communicated an instruction to the jury through a bailiff); State v.

Lewis, 214 N.C. App. 195, 714 S.E.2d 530, 2011 WL 3298882, *8-*9 (2011)

(unpublished) (relying on Gay, Badgett, and Corum to hold that a defendant failed to

demonstrate prejudicial error for violation of N.C. Gen. Stat. § 15A-1234(d) when the

trial judge conveyed an instruction to the jury via a bailiff).

 Here, the trial judge’s instructions to the bailiff were clear and unambiguous.

The bailiff confirmed that he understood the judge’s directions on the record multiple

times, and explained that he would only step into the jury room, convey the message,

and then immediately leave prior to any colloquy. Defendant’s counsel did ask

whether the judge needed to call the jurors in and whether a deputy could deliver the

court’s request, but did not object to the procedure:

 - 12 -
 STATE V. EVANS

 Opinion of the Court

 [DEFENDANT’S COUNSEL]: Can a deputy?

 [THE COURT]: He is sworn since he’s with the jury. If they
 start having a colloquy, he knows to step out.

 [DEFENDANT’S COUNSEL]: Well, that’s my
 understanding.

Indeed, this exchange could be fairly read as confirming Defendant’s counsel’s

“understanding” that the deputy could deliver the message but must avoid being

present during any colloquy.

 It further appears that the judge’s message was neither related to Defendant’s

guilt or innocence nor did it amount to an instruction on the law such that prejudice

arose, as it simply sought to clarify the questions asked by the jury. Cf. Corum, 176

N.C. App. at 158, 625 S.E.2d at 894 (holding trial court did not commit reversible

error in having a bailiff deliver a written instruction to the jury that they “must rely

on [their] own recollection as to what the evidence showed.”). Defendant assigns

prejudice to “a risk that the jury believed the information they were requesting was

‘unimportant or not worthy of further consideration[,]’ ” quoting Ashe, 314 N.C. at 38-

39, 331 S.E.2d at 659, and argues that “we [cannot] know how [the questions were]

communicated to the jury and how the jury might have interpreted the judge’s

request.” However, absent evidence to the contrary, we presume that both the bailiff

and the jury understood and followed the judge’s straightforward instructions. See

Gay, 334 N.C. at 482, 434 S.E.2d at 848 (presuming the bailiff accurately delivered

 - 13 -
 STATE V. EVANS

 Opinion of the Court

the judge’s message to the jurors where there was no evidence to the contrary); Ryals

v. Hall-Lane Moving and Storage Co., 122 N.C. App. 134, 140, 468 S.E.2d 69, 73

(1996) (“The jury . . . is presumed to understand and comply with the instructions of

the court.” (citation omitted)). It appears from the record that the bailiff and the jury

did exactly that; the judge received the jury’s clarified requests and subsequently

provided instructions, to which neither party objected, in response thereto. The jury

reached its verdict without asking additional questions of the court. In short, to the

extent that the trial court erred by this procedure, we hold that Defendant has failed

to demonstrate prejudice warranting reversal.

 III. CONCLUSION

 For the foregoing reasons, we hold that Defendant has failed to demonstrate

reversible error.

 NO ERROR.

 Judges DIETZ and YOUNG concur.

 - 14 -